JOHN C. ALBRIGHT *et al.*

*v.*

JASON B. SMITH *et al.*

68   181
123   121
25a   87
68   181
28a   544
68   181
136   488
68   181
60a   179
68   181
164   498
68   181
95a   ³429
68   181
209   ³508

1. INJUNCTION—*damages on dissolution.* Where an injunction is dis-solved, that being the only relief sought by the bill, the suit may be treated as ended, and a suggestion of damages at a succeeding term comes too late, and the court has no authority to assess the same on such sug-gestion.

2. SAME—*damages can not be assessed in favor of a party not named in suggestions.* On the dissolution of an injunction, upon suggestion of damages as to certain persons, it is erroneous for the court, in its assess-ment, to include a sum to a defendant in whose favor no written sugges-tion has been made.

3. CHANCERY—*evidence must be preserved.* The rule in chancery requir-ing the evidence upon which a decree is rendered to be preserved in the record, applies to an order of the court assessing damages on the disso-lution of an injunction; and unless the evidence is preserved, the decree will be reversed as to the assessment.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

This was a bill in chancery, by John C. Albright, John M. Murrie, Mark B. Bain, Isaac Tumbo, William Murrie, John Whitesides, James M. Murrie, and Lewis Seibman, against Jason B. Smith, county judge, James J. Hogg, associate judge, and A. J. Kuykendall and Joseph Frick. The object of the bill, and the proceedings under it, are stated in the opinion.

Mr. W. J. ALLEN, and Mr. O. A. HARKER, for the plaintiff in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This suit was commenced by the plaintiffs in error, for the purpose of enjoining the defendants from constructing a court house in Johnson county, under what they alleged to be a fraudulent contract. A preliminary injunction was issued, answers of the defendants denying the allegations of the bill, under oath, filed, and a change of venue awarded to Fayette county.

At the July term, 1869, of the Fayette circuit court, the complainants moved to continue the cause, pending a motion to dissolve the injunction, but the court overruled the motion to continue, and sustained the motion to dissolve the injunction, and decreed that the defendants should recover their costs. No other order was made in the cause at that term. At the October term, 1869, Smith and Hogg filed suggestions in writing, for the use of Johnson county, claiming as damages $1000 paid for attorneys' fees, and $200 paid for costs, by said county. No suggestions in writing, claiming damages for Frick, appear to have been filed. At the March term, 1870, the defendants appeared by counsel, had the complainants three times solemnly called, and, no one appearing, on their motion the court, after hearing evidence, proceeded to order that the surviving complainants pay to Smith and Hogg, for the use of Johnson county, $1000, and to Frick $500, being, as is recited in the order, for attorneys' fees only, and directed that execution should issue therefor. There is nothing in the record showing what facts were proved from which this assessment was made.

It is urged that this order is erroneous and should be reversed, and this presents the only question now before us.

These damages are assessed under the act of 1861, the first section of which provides: " In all cases where an injunction is dissolved by any court of chancery in this State, the court,

after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same." Laws of 1861, p. 133.

When the court overruled the motion for continuance and dissolved the injunction, the case, it would seem, was ended.

It does not appear to have been afterwards, at that term, continued by order of the court; nor does it appear that complainants have, since that time, taken any steps in the case. They treated it, so far as we can discover from the record, as then terminated, and since the sole object of the bill was defeated by the order of dissolution, we think they were justified in so treating it.

If we are correct in this view, it then necessarily follows that the suggestions in writing in regard to the damages claimed by Smith and Hogg for the use of Johnson county, were filed too late. The suit was finally disposed of, and the court had no jurisdiction to make any order affecting the rights of the parties.

But waiving this objection, this, although only authorized by statute, is still a decree in equity, and governed by the same rules as other decrees in equity. The rights of the parties involved are as much within the peculiar protection of a court of equity, as they are in other cases where decrees are rendered requiring the payment of money, and authorizing the issuing of the necessary process to enforce its payment. The rule is well established that the facts proved on which a decree is rendered must be preserved in the record.

In *Forth* v. *Xenia*, 54 Ill. 210, in which the only question in the case arose on the allowance of an attorney's fee upon the dissolution of an injunction, this court said: "We are not aware of any rule of law or equity requiring this court

to presume that the circuit court heard evidence on rendering a decree. The rule has been often stated by this court, that the facts on which a decree in equity is based, must appear in the record. * * * * We see no compliance with the act of 1861 in this case. There were no suggestions in writing of the nature or amount of the damages, nor does it appear the court heard evidence showing the extent of damages, or how they arose." And in *Goodwillie* v. *Millimann,* 56 Ill. 525, where the question under discussion was in reference to an attorney's fee that had been allowed by the court in a suit for the partition of real estate, it was said by this court: "As a rule of practice, the evidence upon which such an allowance is made, should be preserved in the record. Where such large sums are allowed, and the rights of litigants are likely to be so materially affected, they should not be deprived of having the decree reviewed in an appellate court."

Merely showing that the court heard evidence, without showing what facts are proved, leaves us quite as much in the dark as we would have been had the record merely shown the amount which was ordered to be paid. The record should show that the amount assessed as damages was authorized by the facts proved.

What we have said relates to the entire order. So much of the order as relates to Frick's claim, no suggestions in writing having been filed for him, is additionally objectionable on that account. We do not deem it necessary to express any opinion on the other objections urged.

The order of the court below directing the surviving complainants to pay to Smith and Hogg $1000 for the use of Johnson county, and to Frick $500, and awarding execution therefor, is reversed.

*Decree reversed.*