## JAMES H. WILSON, Receiver,

### v.

### HERMAN G. WEBER.

1. MOTION TO DISSOLVE INJUNCTION—AFFIDAVIT FOR CONTINUANCE.—An affidavit for continuance of a motion to dissolve an injunction should "satisfy" the court, that the whole or some material part of the answer is untrue; that the complainant has testimony by which he can prove it to be untrue; and that since the coming in of the answer he has had no opportunity to procure such testimony. These requirements are not met by a mere negation; the court must be satisfied of the existence of these several facts, the names of witnesses, etc.

2. ENJOINING COLLECTION OF TAX—PAYMENT OF LEGAL TAX.—A person seeking to enjoin the collection of a tax on the ground that a part is unauthorized, should show by his bill, as nearly as possible, what part is just and what part unauthorized; and he should be required as a condition of relief to pay such amount as is just.

3. DISMISSING BILL WITHOUT A FINAL HEARING.—Where the allegations in a bill are such, that if established, relief would be granted, the bill should be retained until a final hearing is had, and it is error to dismiss the same on a motion to dissolve the injunction.

4. ASSESSMENT OF DAMAGES—FEES FOR ATTORNEY-GENERAL—FACTS ON WHICH ALLOWANCE IS MADE.—The solicitors for the defendants were the Attorney-General and State's Attorneys of the several counties whose collectors were restrained. *Held*, that so far as shown, those officers were rendering *ex-officio* service, and an allowance for such service finds no warrant in the statute. A failure to show in the record the testimony upon which the allowance was made, is fatal to the decree assessing damages.

APPEAL from the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. BLUFORD WILSON and Mr. J. M. HAMILL, for appellant; That the offer of complainant to prepare sufficient affidavit for continuance was within the requirements of the statute, and the court should have granted a continuance, cited Rev. Stat. 1874, Chap. 69, § 18; Shirwin v. The People, 69 Ill. 58; Cole v. Choteau et al. 18 Ill. 441; St. L. & S. E. R'y Co. v. Teters, 68 Ill. 146.

Illness of counsel is good cause for continuance: Jarvis v. Sherlock et al. 60 Ill. 379.

It is improper to allow evidence contradicting an affidavit for continuance: Supervisors Fulton County v. M. & W. R. R. Co. 21 Ill. 368; Wick v. Weber, 64 Ill. 168.

Where answer and replication have been filed and the cause is heard on the pleadings without proof, it is error to dismiss the bill: Cummins v. Cummins, 15 Ill. 34; Parkinson v. Truesdale, 3 Scam. 370; Davis v. McVickers, 11 Ill. 327; Hummert v. Schwab et al. 54 Ill. 147; Brockway v. Rowley et al. 66 Ill. 99.

It was error to dismiss the bill on motion to dissolve the injunction: Maher v. Bull, 39 Ill. 538; Parkinson v. Truesdale, 3 Scam. 370.

Under the prayer for general relief a court of chancery may decree that which is not specifically prayed for: Isaacs v. Steel, 3 Scam. 97.

The county clerk cannot add delinquent real estate tax to the tax on personal property: Rev. Stat. 1874, Chap. 120, §§ 129, 229, 172, 188, 182, 185, 190, 191, 194, 195, 197, 199, 203, 226.

An injunction will be granted to restrain the collection of a tax fraudulently levied: Viele v. Thompson, 77 Ill. 625; Town of Lebanon v. O. &. M. R'y Co. 77 Ill. 539; McConkey v. Smith, 73 Ill. 314; C. B. &. Q. R. R. Co. v. Cole, 75 Ill. 592.

Where it is impossible to distinguish the legal from the illegal tax, the whole should be enjoined until evidence can be

taken upon that point: Taylor v. Thompson, 42 Ill. 17; Briscoe v. Allison, 43 Ill. 296.

As to the power of the collector to distrain for personal taxes: Rev. Stat. 1874, Chap. 120, § 137; Laws of 1873, 45, § 1.

There is no lien upon real property for the tax levied on personal property: Schaeffer v. The People, 60 Ill. 181; Parks v. Miller, 48 Ill. 364.

An answer in chancery should state facts and not conclusions of law: 2 Daniel's Ch. Pr. 814; Stone v. Moore, 26 Ill. 172; Craig v. The People, 47 Ill. 493.

The revenue law relating to assessment of capital stock is limited to companies created under the laws of this State: W. U. Tel. Co. v. Leib, 76 Ill. 172.

Consolidation of companies organized in different States does not constitute the same legal entity in both States: O. & M. R'y Co. v. Wheeler, 1 Black. 247; R. & M. R. R. Co. F. L. & Tr. Co. 49 I ll. 331; So. Car. R. R. Co. v. Charleston, 2 Otto, 667; Central R. R. Co. v. Georgia, 2 Otto, 665.

Laws imposing taxes are strictly construed in favor of the taxpayer: Dwarris on Statutes, 742; Cooley on Taxation, 202; United States v. Wigglesworth, 2 Story, 369; Chestnutwood v. Hood, 68 Ill. 132.

The capital stock tax is not a tax upon shares of stock, but upon the property of the corporation: State Tax on Railroad Cases, 2 Otto, 575; Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561; Republic Life Ins. Co. v. Pollack, 75 Ill. 292; C. B. & Q. R. R. Co. v. Cole, 76 Ill. 591.

The jurisdiction of the taxing power is limited to persons and property within the limits of the State: Cooley on Taxation, 15; State Tax on Foreign-held bonds, 15 Wall. 300.

A tax upon the property of a company by valuation cannot be sustained: Delaware Railroad Tax Case, 18 Wall. 207; Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561.

A tax assessed upon property exempt from taxation may be restrained by injunction: C. B. & Q. R. R. Co. v. Cole, 76 Ill. 591.

What property is subject to assessment is a matter of law, and the assessor has no discretion: Porter v. R. R. I. & St. L.

R. R. Co. 76 Ill. 561; Republic Life Ins. Co. v. Pollack, 75 Ill. 292.

The listing and valuation must be made in the manner and within the time required by law: Blackwell on Tax Titles, 106; Cooley on Taxation, 256; Town of Lebanon v. O. & M. R'y Co. 77 Ill. 541; Marsh v. Supervisors Clark County, Cent. Law Jour. Dec. 14, 1877, 509; Schuttler v. Fort Howard, 6 Cent. Law Jour. 68.

The court erred in assessing damages and awarding $800 attorneys' fees to the Attorney-General and State's attorneys: Constitution, Art. 5, § 23; Rev. Stat. 1874, Chap. 53, § 1.

Evidence as to assessment of damages on dissolution of the injunction must be preserved in the record: Hamilton v. Stewart, 59 Ill. 331; White v. Pearce, 47 Ill. 415.

The damages are grossly excessive: Terry v. Hamilton School, 72 Ill. 478; Jevne v. Osgood, 57 Ill. 346; Elder v. Sabin, 66 Ill. 128; Collins v. Sinclair, 51 Ill. 330.

Mr. JAMES K. EDSALL, Att'y-Gen., for appellee; that the motion for continuance was properly overruled, it being a matter resting in the discretion of the court, and there being no affidavit filed in support of it, cited Rev. Stat. 1874, 581, § 18; Vickers v. Hill, 1 Scam. 307; Mitchell v. Chicago, 40 Ill. 174; Woodruff v. Tyler, 5 Gilm. 458; Harmison v. Clark, 1 Scam. 131; Smith v. Powell, 50 Ill. 21.

After replication is filed the cause is deemed at issue and stands for hearing: Rev. Stat. 1874, 201, § 29; Gregg v. Brown, 67 Ill. 526.

When a cause is heard upon bill, answer and replication, only such portions of the bill as are admitted by the answer can be taken as true: Harris v. Reeve, 5 Gilm. 131; Selby v. Geines, 12 Ill. 69.

And where the answer denies the allegations of the bill, they must be supported by proof: DeWolf v. Long, 2 Gilm. 679; Trenchard v. Warner, 18 Ill. 142; 1 Barb. Ch. Pr. 141; Munson v. Miller, 66 Ill. 380; Thomas v. Adams, 59 Ill. 223.

The action of the State Board of Equalization in assessing the capital stock, property and franchises of appellant was valid:

Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561; Republic Life Ins. Co. v. Pollack, 75 Ill. 292; Ottawa Glass Co. v. McCaleb, 81 Ill. 556; State Railroad Tax Cases, 2 Otto, 575; Huck v. C. & A. R. R. Co. Sup. Ct. Ill. 1877; C.. B. & Q. R. R. Co. v. Siders, Sup. Ct. Ill. 1877.

The Statute makes it the duty of the State Board to assess the rolling stock, track, etc., in the various counties along the line of the road, and the Board assumed to assess property within its jurisdiction. There was no such irregularity as would warrant the intervention of a court of equity: Rev. Stat. 865; Cook county v. C. B. & Q. R. R. Co. 35 Ill. 460; Jenks v. Board of Supervisors, etc. 65 Ill. 271.

Complainant should have shown what part of tax, if any, was legal, and tendered payment of the same: Merrill v. Humphrey, 34 Mich. 170; State Railroad Tax Cases, 2 Otto, 616.

The assessment of damages on dissolution of the injunction having been made after the bill was dismissed and appeal prayed, the appeal from the decree dismissing the bill does not bring up this subsequent order: McWilliams v. Morgan, 70 Ill. 551; Freeman v. Freeman, 66 Ill. 54.

TANNER, P. J. This was a suit in equity, instituted in the Circuit Court of St. Clair county. A temporary injunction was granted, by which the collectors of revenue in the several counties named in the bill were restrained from distraining and selling the personal property belonging to the St. Louis and Southeastern Railway company (consolidated) for certain taxes assessed and levied against its real and personal property for the years 1873 and 1874. On the 24th day of October last an answer was filed to the bill and a motion was entered to dissolve the injunction. The motion was set down for hearing on the 31st day of the same month, by order of court. When the day arrived for hearing, and the motion was called up, the solicitor for the company moved to continue the motion to dissolve the injunction, and proposed to prepare and immediately present an affidavit showing that certain material parts of the defendant's answer were untrue, and also that he had testimony which would disprove all the material parts of the answer speci-

fied, which he could produce at the next term of the court, or at an earlier day; and that he had no opportunity to procure such testimony since the coming in of the answer. And further, that the senior counsel of the railway company, and who had drawn the bill for the injunction, was unable to be in court by reason of sickness in his family. On this statement the court refused to continue the motion to dissolve the injunction, but a hearing was then had on the motion, the injunction was dissolved, and the bill dismissed. A suggestion of damages was then filed, and the court, after hearing evidence touching the 'same, decreed that the defendant in the suit have and recover $800 for attorneys' fees.

The railway company brings the case to this court, and assigns the following errors: First, the court erred in overruling the motion for a continuance, and urges with much earnestness that in offering to present the affidavit in support of his motion for a continuance, the company brought itself within the provisions of section 18, chapter 69, R. S. 1874. This section provides: "If, after a motion is made to dissolve an injunction the complainant in the bill will satisfy the court by his own affidavit, or that of any disinterested person, that the answer or any material part thereof (to be specified in such affidavit) is untrue, and that he has testimony which will disprove the answer, or such material part thereof, which he can produce at the next term of the court, or at an earlier day, and that he has had no opportunity to procure such testimony since the coming in of the answer, the court may grant a continuance of such motion until the next term, or until such testimony can be produced."

It is insisted on behalf of the appellant that under the rulings of the Supreme Court in Cole v. Choteau, 18 Ill. 441; Shirwin v. People, 69 Ill. 58, and The St. Louis and Southern Railway Company v. Teters, 68 Id. 146, a continuance of the motion to dissolve the injunction was imperative upon the Circuit Court. These authorities hold that in applications for continuances, where parties bring themselves clearly within the provisions of the statute, a denial of the right would be error. The soundness of this view cannot be questioned, but the inquiry is, did

the appellant bring itself within the rule laid down by these authorities; or, rather, did it bring itself within the provisions of the aforementioned statute? The answer to this inquiry must be drawn from the facts presented by the record.

It appears the appellant was actually present in court when the motion was ;entered, and the time for its hearing fixed by order of the court; and therefore could not have been surprised at its call for hearing. The answer of the appellees had been on file, and the motion to dissolve known to the appellant one week before its hearing and the dissolution of the injunction. When the solicitor for the appellant asked for time to prepare and file an affidavit in support of his motion, he did not give or attempt to give any cause for not having his affidavit ready. But he insisted that he had a right to claim the indulgence of the court for this purpose for the space of one-half of an hour, under a rule of the court, which is as follows: " After a case is called for trial, thirty minutes shall be allowed to prepare and file an affidavit for a continuance unless under special circumstances, to be judged of by the court. Whenever time is asked and given to prepare an affidavit for continuance, the case shall not lose its place for trial." This rule, even if it should be thought applicable to motions of this nature, does not necessarily suspend the power of the court to require litigants to proceed to trial at once upon the call of the docket. Under special circumstances the court may refuse to allow the time ordinarily given by the rule. This right is reserved in the rule, and nothing short of an unwise and oppressive administration of it can give cause for complaint. The appellant, however, insists that this was done in this case. That " by offering to immediately prepare and file an affidavit, showing that all the material parts of the defendants' answer were untrue," it was simply exercising a right conferred by the 18 Sec. Chap. 69, R. S.

This assumption must rest upon two grounds: first, that the appellant had not by *laches* forfeited the right to delay the motion; and, second, that the proposition embodied all that the statute required in such an affidavit. We think the first ground was wholly swept away by the facts already noticed, but never-

theless, we will briefly notice the second. The affidavit required by the statute before cited must " satisfy" the court, first, that the whole or some material part of the answer is untrue; second, that the complainant has testimony by which he can prove it to be untrue; and third, that since the coming in of the answer he has had no opportunity to procure such testimony.

These exactions of the statute are not answered by simply negativing the truth of the allegations of the answer, and affirming the existence of testimony by which they can be disproved, and a want of opportunity since the coming in of the answer to procure such testimony. The court must be satisfied of the existence of these several facts before a continuance of the motion can be allowed. How can conviction be wrought in the mind of the court without a presentation of facts? The solicitors of appellant did not state to the court by what character of evidence he expected to disprove the answer, or where it existed—whether any and what portions were matter of record; what part, if any, was to be established by witnesses, their names and residence. Neither did he state any facts by which the court could become satisfied that no opportunity was given after the coming in of the answer to procure such testimony. The rule in regard to an application for the continuance of a motion to dissolve an injunction is not less rigid than the rule at law. Smith v. Powell, 50 Ill. is in point.

The statement of the appellant was not sufficient if it had been offered in the form of an affidavit, as it did not present any facts to satisfy the court, as the statute requires. Again, the appellees were restrained from collecting the public revenue for the years 1873 and 1874, in all the counties through which the appellant's railroad passes, while they admitted a liability to pay a portion of the taxes, the collection of which was enjoined; and alleged only as a reason why payment had not been made, that " the tax assessed on the real estate of the company for the years 1873 and 1874, in the several counties, is so mixed and confounded with the tax on personalty, that it is impossible to discriminate between them, and determine the amount extended against the real estate."

The bill, however, does not allege facts which, to our minds, show that it was impossible to determine the amount of taxes to be paid by the company on its real estate. If this fact can be determined by the court on a hearing of the cause, it would be determined by proof; but the bill does not allege any reason why the facts which would amount to such proof were not attainable without the aid of the court. A property owner seeking to enjoin the collection of taxes, on the ground that a part is unauthorized, should show by his bill, as near as may be practicable, what part is just, and what is unjust and unauthorized, and he should pay to the proper officer that part which he concedes to be properly chargeable against him. And where he seeks to enjoin the collection of taxes under such circumstances, he must be required, as a condition of relief, to pay such amount as is just. Merrill v. Humphrey, 24 Mich. 170; Railroad Tax Cases, 93 U. S. S. C. R. 616; Mills v. Johnson, 17 Wis. 598; Taylor v. Thompson, 42 Ill. 10. The principle in the authorities enunciated, lies at the threshold of a court of equity. The force of these authorities is fully appreciated by the appellant, and the rule they establish not denied. But it is persistently urged that the bill presents a case not within the rules. We cannot think so. The court, on the hearing of the motion to dissolve the injunction, had the right to look into the bill in this regard, in connection with all the facts presented by the record; and in denying to appellant time to prepare and present an affidavit as proposed, and in dissolving the injunction, did not indiscreetly exercise its power, in view of the provisions of the statute and the rule of court cited.

It is also insisted that it was error to dismiss the bill upon the dissolution of the injunction. The record does not, as stated by appellees, show that the issues presented by the bill and answer were submitted to the court at the time the motion to dissolve the injunction was heard. The decree recites: "And the cause coming on to be heard upon complainant's bill, answer and replication thereto, upon a motion to dissolve the temporary injunction heretofore granted, and the court being now fully advised in the premises, it is ordered, adjudged and decreed that the injunction be, and is hereby, dissolved, and the

complainant's bill dismissed at his cost." This decree does not show that the cause was submitted, and to be heard upon bill, answer and replication, with the motion to dissolve the injunction. The bill was not framed wholly with a view to obtain an injunction. It also alleges, among other things, that the board of equalization, in assessing the capital stock of appellant, included some proportional part of the franchises of the corporation as vested in it by the legislatures of Indiana, Kentucky and Tennessee. That said board added together the market or fair cash value of the consolidated capital stock, and the market or fair cash value of the consolidated debt, excluding current expenses, and from the aggregate amount so obtained, deducted the amount of the tangible property, and took the amount remaining to be the fair cash value of the capital stock, including the franchise; thereby including the value of the franchise, not only in Illinois, but in Indiana, Kentucky and Tennessee, and the tangible property in the same States, and the value of the debt (excluding current expenses) in the same States.

If these allegations are true, property not subject to taxation in Illinois have been made the subject of taxation by the board of equalization. Hence, although the preliminary injunction was properly dissolved, yet upon a final hearing, if these allegations should be established, relief would be granted, and, if necessary, a perpetual injunction awarded. The appellant may, from *laches*, or other causes, have been unable to procure a continuance of the motion to dissolve the injunction, yet upon the call of the cause for trial, may have been ready to sustain his bill by proof.

These allegations would seem to bring the appellant within the jurisdiction of a court of equity, and demand relief, according to the case of the Chicago, Burlington and Quincy Railroad Company v. Cole et al, 75 Ill. 591. Hence, the bill should have been retained until a final hearing. This rule of chancery practice is so well settled that a reference to the authorities by which it is established is unnecessary.

It is further urged that the court erred in assessing damages to the appellee of $800 for solicitors' fees. The solicitors were the Attorney General and the State's attorneys of the several

Ill. and St. L. R. R. & Coal Co. v. Decker.

counties whose collectors were restrained. These solicitors were, so far as is shown by the record, rendering ex-officio service and an allowance for such service finds no warrant in the statute. And further, the record fails to furnish the testimony upon which the allowance was made. This omission is fatal to the decree assessing damages. Hamilton v. Stewart, et al. 59 Ill. 331; White et al. v. Pearce et al. 47 Ib. 415. We are of opinion the Circuit Court erred in dismissing the bill, and in allowing the appellees $800 as fees for the services of the Attorney General and the several State's attorneys, and also in rendering a decree against the appellants for all costs. For these several errors the decree of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.