## CHARLES F. WOERISHOFFER ET AL.

### v.

## LAKE ERIE & WESTERN RAILWAY COMPANY ET AL·

*Injunctions—Dissolution of Temporary Injunction—Premature Assessment of Damages—Practice—Evidence—Presumption.*

1.   An assessment of damages made upon the dissolution of a temporary injunction is premature, unless the cause is then finally determined.

2.   Upon a writ of error to review an interlocutory decree awarding damages upon the dissolution of a temporary injunction, the merits of the case and the order of dissolution are not involved.

3.   Where the decree finds the facts and the evidence is not preserved in

the record, the presumption is that the evidence was sufficient to establish the facts as found.

[Opinion filed May 24, 1887.]

IN ERROR to the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. W. E. HUGHES, G. W. & J. T. KRETZINGER and H. CRAWFORD, for plaintiffs in error.

Messrs. KERRICK, LUCAS & SPENCER, for defendants in error.

The propriety of the dissolution of the injunction can not be inquired into in this case and therefore the motion to dismiss all errors assigned because of the dissolution should be sustained.

The complainants prayed for an injunction, the appointment of a receiver, for a statement of an account of the net earnings of the road, and various parts of it, etc., etc., and no final decree has been rendered and therefore an appeal or writ of error does not lie from the order dissolving the injunction. Pentecost v. Magahee, 4 Scam. 326; Hayes v. Caldwell, 5 Gilm. 33; Keel v. Bently, 15 Ill. 228.

It is said the evidence should have been preserved in the record on which the court based its finding. The presumption is that the evidence was sufficient to sustain the finding and the law does not require the evidence to be preserved. McIntosh v. Saunders, 68 Ill. 128; Walker v. Abt, 83 Ill. 226; Carne v. Truman, 103 Ill. 321.

PLEASANTS, P. J.   March 27, 1885, plaintiffs in error, as holders of certain income bonds of the defendant railway company, filed the bill herein to prevent a meeting of its stockholders which had been called to ratify an agreement between its directors and those of the Lake Erie & Mississippi Railroad Company for the consolidation of said corporations, and divers other acts and proceedings alleged to be contemplated by the defendants.   It is quite voluminous, containing many averments and charges as grounds for the relief asked.   A

preliminary injunction was allowed, without notice, by one of the Judges of the Eleventh Circuit at Chambers. On answer with affidavit in support thereof, defendants gave notice of a motion to dissolve it, to be heard before another of said Judges. Thereupon complainants presented to him a petition for a change of venue, which was denied, and their solicitors declining to appear further upon the motion the same was allowed and the injunction dissolved. On the same day defendants filed their suggestion of damages, which was afterward heard by the same Judge who awarded the writ and taken under advisement, and, at the November term next following, an order was made which recited that "the court having heard the evidence, both oral and documentary, produced as to the amount of the damages sustained by the defendants by reason of the issuing of such injunction, and being fully advised in the premises, doth find: That the defendants employed John B. Cohrs and Benj. B. Lucas, solicitors of this court, to prosecute the dissolution of the injunction, but that no price for such services was agreed on as to either of said solicitors, either before or since the granting of such injunctions, and that reasonable compensation therefor would be $1,500, and, therefore," ordered that complainants, within twenty days, pay said sum to defendants for their damages in that behalf sustained. Complainants thereupon sued out this writ of error.

We do not understand that the record so brought here presents for our consideration the propriety of the order of dissolution, or any question touching the merits of the principal case. Besides the injunction, other and substantial relief is prayed for. If the theory of the bill is sound and its averments shall be established by proof, complainants will be entitled to a decree giving them all the benefits of the injunction, notwithstanding its temporary dissolution. But there has been no final disposition of the cause below, and therefore there can be no review of it here. The award of damages, however though incidental to a merely interlocutory order, is itself of the nature of a final money judgment, on which a writ of error will lie. The question then is, the temporary injunction hav-

ing been dissolved and the order of dissolution being beyond the reach of our review, was there error in awarding the damages complained of? This view disposes of several of the errors assigned. Of the others, those urged on the argument are that there is no evidence preserved in the record to justify the award of any damages, and that the amount awarded is excessive.

As to the preservation of evidence, the rule is the same with respect to damages on suggestion filed as to any other fact involved in the case. Hamilton v. Stewart, 59 Ill. 330; Albright v. Smith, 68 Ill. 181; Steele v. Boone, 75 Ill. 460. It requires that the evidence be preserved in the record or that the facts be found by the decree. In the absence of the evidence the presumption is it was sufficient to establish the facts as found, and, if these warrant the decree, it will be sustained as against this objection. See cases *supra*, and to the same effect, McIntosh v. Saunders, 68 Ill. 128; Spring v. Collector, 78 Ill. 101, 107; Morgan v. Corlies, 81 Ill. 72; Walker v. Abt, 83 Ill. 226; Allen v. LeMoyne, 102 Ill. 25; Groenendyke v. Coffeen, 109 Ill. 325.

In this case, upon evidence heard but not preserved, the facts were found, to wit, the employment of the solicitors named, without any express agreement as to the amount of compensation, their service and its reasonable value, and although the sum allowed may seem excessive, the presumption referred to is conclusive. If complainants were dissatisfied with it they should have preserved the evidence, to enable this court to judge for itself of its reasonableness.

We are of opinion, however, that the assessment was premature, inasmuch as the dissolution of the injunction was not final. If the order had been made upon demurrer or motion for want of equity in the bill, and complainants had not asked leave to amend, or apparently abandoned its prosecution, as in Albright v. Smith, *supra*, the cause might have been regarded as finally determined, and then, before filing the final decree (Wing v. Dodge, 80 Ill. 574), the assessment would have been regular. But here it was made upon the coming in of the answer denying the charges and allegations of the bill and supported

by affidavit. The issues made upon these charges and allegations, involving the right to the injunction, are still pending. Defendants themselves so treat them by objecting here, for that reason, to any assignment of error upon the order of dissolution.

In Terry v. Hamilton Primary School, 72 Ill. 479, the Supreme Court say: "It was improper to assess damages until there was a final hearing, and it was determined whether the relief sought should be granted. The only prayer of the bill was for an injunction, and although, by affidavits and other proofs, it might appear to be eminently proper to dissolve the injunction temporarily granted, still, on a final hearing, evidence might have been adduced requiring that there should be a perpetual injunction;" and on that ground the decree for damages was reversed.

The case here is in the same condition, and for the same reason the decree herein will be reversed and the cause remanded.

*Reversed and remanded.*