# B. H. MARTIN ET AL.

## v.

## GEORGE M. JAMISON ET AL.

*Injunctions—Schools—Improper Payment of Public Money—Jurisdiction—Practice.*

1. A bill averring that a majority of the directors of a school district, defendants, intended by fraud and indirection to pay out the public money to that district belonging, through an incompetent person named, who was by them employed as a teacher, to an assistant teacher, in fact the principal of the school, and who, at the time of such alleged employment, held no certificate as a teacher, makes a case for equitable jurisdiction.

2. In such case, equity will restrain the payment of any of such public moneys for such unlawful, and for any fraudulent purpose, to any one, by the board of directors of such district.

3. Equity once having obtained jurisdiction, will retain it until complete justice is done, even though adequate relief can be reached only by a personal judgment.

4. The dissolution of a preliminary injunction can not affect the ordinary progress of a suit in equity, it being collateral to the main object of the bill.

5. In the case presented, this court holds that the trial court erred in dismissing complainant's original and amended bills for want of equity; likewise in sustaining defendant's demurrer to said amended bill; likewise

Martin v. Jamison.

as to the assessment of damages on the dissolution of complainants' preliminary injunction; and reverses and remands the decree with directions.

[Opinion filed May 21, 1891.]

Appeal from the Circuit Court of Henderson County; the Hon. John C. Bagby, Judge, presiding.

This suit is brought by appellants against appellees. The complainants in the suit, some forty and more in number, aver that they were residents of and taxpayers in school district No. 9, Township No. 10 N., R. 4 W. 3d P. M., in Henderson County. Within the district is maintained a graded school divided into three departments viz.: primary, intermediate and high, employing a teacher in each department or grade. The teacher in the highest department acts as teacher and principal, having charge and direction of the other departments of the school. For some time prior to 1886 one James N. Derr had been employed as a teacher in and principal of such school, at a salary of $75 per month. In the winter or spring of 1886 a large portion of taxpayers in said district and patrons of the school became dissatisfied with Derr as such teacher and principal and desired a change. After the election in the spring of 1886 a majority of the board of directors sympathized with Derr, and disregarding the known wishes of those opposed to Derr, a majority of the board, George M. Jamison and Mary E. Porter, defendants, contracted with Derr in due form of law to continue as such teacher and principal of such school for the then ensuing month of September, 1886, at a salary then fixed at the sum of $75 per month.

In July, 1886, charges affecting the morality and integrity of Derr were made in writing and filed with the superintendent of schools of Henderson County, and upon filing thereof a time was designated for the hearing thereon, which was July 21, 1886, of which presentation and time of hearing both the board of directors and said Derr had notice. Desirous of avoiding investigation upon the charges made, Derr, acting in bad faith and conspiring with a majority of the board of directors, viz., George M. Jamison and Mary E. Por-

ter, defendants, on the 20th day of July, 1886, caused and obtained an injunction to be issued from the Circuit Court of Henderson County, on a bill being filed in such court by Derr, against the county superintendent of schools of that county, restraining and enjoining such county superintendent from a hearing upon the charge so made, and filed against Derr, as above stated. In procuring the aforementioned injunction Derr, as complainant therein, was requested to and did execute and file an injunction bond in penalty of $300, conditioned as by law required, and George M. Jamison, one of such school board, defendant, became his surety thereon. At the August term of the Circuit Court for Henderson County, on motion and hearing thereon, the aforementioned injunction was dissolved and the bill against such county superintendent of schools was dismissed, and damages were assessed upon suggestions on dissolution of the injunction, in the sum of $147.91, for which George M. Jamison became liable as surety on the injunction bond for Derr, as before stated.

It is further averred in the bill, that at the time of the commencement of such injunction suit and the rendition of the decree for damages, Derr was wholly and totally insolvent, and had no property or effects out of which the money in such decree directed paid could be made, and that the costs and expenses of such suit and proceedings were borne and sustained by the supporters of Derr.

It is further averred that the first term for the school year of 1886 and 1887, for which the said Derr had been engaged as teacher and principal by such majority board of directors as before mentioned, commenced on Monday, September 6, 1886, at which time and term the said Derr, under and pursuant to his said contract, began his services as teacher and principal of such school; that after the said Derr had taught the school one day, and on the evening of September 6, 1886, at a meeting of such district school board, at which meeting the said George M. Jamison acted as president, and the said Mary E. Porter as clerk, and they being the only members of the board present, and without claim or cause, the salary of the said Derr was voted to be

Martin v. Jamison.

increased from $75 to $125 per month; that on the 15th day of September, 1888, the superintendent of schools in and for Henderson County, after the dissolution of the injunction, and upon hearing such charges aforementioned, revoked the certificate of the said Derr as a teacher in the schools of that county, due notice whereof was given the school board and the said Derr; that thereupon such majority of the school board issued an order on the treasurer of said township to said Derr for $34.10, which was in excess of the amount due for the services rendered, even at the rate of $125 per month; that against the protest of the complainants, and with the full knowledge of all the facts, one J. E. Barnes, one of the defendants, then acting as township treasurer of said township No. 10, paid such order and charged the same to school district No. 9; that at the meeting of the school board on the 13th of September before referred to, George M. Jamison and Mary E. Porter voted to and pretended to contract with one Fred Jamison, a young son of George M. Jamison, to act as teacher in and the principal of such school at the compensation of $125 per month; that the said teacher so employed had but little education, obtained in common schools; had never taught school prior thereto; had no adaptation by age, education or experience to qualify him therefor; could only obtain a certificate of qualification as a teacher of the second grade, and his services as such teacher were of small value; all of which facts were charged to have been well known by defendants George M. Jamison and Mary E. Porter at the time of such pretended employment. It is further charged that since the pretended employment of Fred Jamison as teacher the said Derr has been attending the school, and charged on information to have been aiding and assisting in the conduct and management thereof. It is further charged that no such wages as $125 per month has ever been paid in that county for teachers, no matter how high their qualifications or extensive their experience, which defendants well knew, and that said majority of the board of directors well knew that entirely competent teachers could at the time have been obtained

for $70 per month, and that such majority members of the said school board in so agreeing and contracting with both Derr and Fred Jamison to pay $125 per month were guilty of wilful misconduct, malfeasance and partiality in their office as directors, and it was known by all parties to such contracts to have been so intended and executed, and that it was so done and made with intent either to be given as a gratuity to the said Jamison and Derr, or one of them, or for the like wrongful purpose of furnishing Derr with money with which to discharge debts and obligations of his incurred in the expense and cost of the litigation in the said injunction suit, and pay the damages awarded against him on the dissolution of the injunction therein, and relieve the said George M. Jamison from his liability as surety on the said injunction bond, and for the purpose of defrauding and punishing of the taxpayers of the said district, and that the pretended employment at $125 per month of both Derr and Fred Jamison by the majority of the said board was a sham and pretense, and fraudulent and wilful misconduct, malfeasance and partiality in office, etc.    It is further charged in said bill that the said George M. Jamison and Mary E. Porter, majority of such board, intend to continue to retain and employ the said Fred Jamison as such pretended teacher and principal of such school at the rate of $125 per month, and that it is the intent of such majority of said school board and the said Fred Jamison to continue to employ the said Derr as his substitute and assistant, and that they will so do and perform, unless restrained, and will also issue orders for the payment of such persons so pretended to be employed by them, for the benefit of the said Derr and the said George M. Jamison, as before set forth, and such orders will be paid by the treasurer of such townships, one of the defendants hereto, and a fraud will be perpetrated upon the taxpayers of such district, unless restrained by the order of the court. And it is further charged that the said Fred Jamison is a mere tool of his father, the said George M. Jamison, and Mary E. Porter, and that he is being used simply for the purpose of perpetrating upon the inhabitants, patrons and

taxpayers of said school district great wrong and fraud, and that if not prevented from such acts and doings by injunction, that in addition to what has already wrongfully been paid it will result in still further and greater misappropriation of the funds and moneys of such school district, for the wilful and corrupt purposes, and to subserve and promote the ends and malice of the said George M. Jamison, Porter and Derr. The bill prays for an injunction restraining the board of directors of that school district from giving orders or paying to or further misappropriating the moneys of the said district, or paying same to Fred Jamison or Derr, and that the contract between the board of directors and the said Jamison be set aside, and the general prayer for relief.

The bill was sworn to in due form, upon which bill an injunction issued as prayed on bond given in the penal sum of $300.   At the August term, 1889, of said Circuit Court, defendants answered the bill denying each and every allegation thereof  the injunction on motion of defendants being dissolved, and the bill was dismissed as to a part of the complainants, and thereupon complainants by leave of court filed a supplemental bill, in which was averred by way of supplement that after the filing of the original bill the said board of directors issued to said Fred Jamison orders on the school fund of said township for the sum of $375, being the amount claimed due for services as such teacher and principal under such pretended and fraudulent contract, at the rate of $125 per month, and praying that said George M. and Fred Jamison and Mary E. Porter or some one of them, the facts considered, be required to repay to the school fund the said sum of $375 so improperly paid to them, and for general relief, etc.

To which supplemental bill a demurrer was sustained, and at the March term, 1890, a final decree was entered without hearing on the issue joined in said cause dismissing the original and supplemental bills, for the reason assigned in such decree; that the said contract of hiring and the payment of wages and rendering of the services of the said Fred Jamison, had long prior thereto been completed and performed

and the wages paid, wherefore the Circuit Court found there was nothing left in the original bill for the court to act upon, and that it would be useless for the court to grant the relief prayed for, if the complainants by the people were entitled thereto, and that the allegations of the bill would not justify the relief prayed for, and the bill ought to be and was accordingly dismissed for want of equity, and that the complainants pay the costs, etc.  Upon suggestion of damages being filed on the dissolution of the injunction the Circuit Court upon hearing evidence as to such damages only, awarded defendants the sum of $263.65, as follows, viz.:

> To John C. Pepper, legal services and expenses ............................$125.00
> To R. J. Grier, legal services and expenses..   98.45
> " Fred Jamison, expenses to R. Island....    7.35
> " George M. Jamison, expenses to R. Island, wit. fees on affts., swearing thereto and telegraphing........................   32.85
>                                          $263.65

which was decreed to be paid as such damages for wrongfully suing out said injunction by complainants in thirty days; in default thereof defendants to have execution therefor, etc. To which aforesaid order, findings and decree the complainants excepted and prosecute an appeal to this court.

Messrs. KIRKPATRICK & ALEXANDER, for appellants.

Messrs. GRIER & STEWART and PEPPER & SCOTT, for appellees.

UPTON, J.  The errors complained of in the Circuit Court are :

1st.  In dismissing the original and supplemental bills.

2d.  The assessment of damages in defendant's favor on dissolution of the injunction and without a hearing of the case on its merits.

3d.  That the assessment of damages were improper and excessive.

First.  We are of the opinion that the original and amended bills as filed made a case for equitable jurisdiction, at the least

by way of injunction. It was averred in the original bill that a majority of the directors of school district No. 9, who were made parties defendants to the bill, intended by fraud and indirection to pay out the public money to that district belonging through one Fred Jamison, who was by them employed, to one James N. Derr, as an assistant teacher and in fact principal of that school, and who at the time of such alleged employment held no certificate as a teacher. In such case if no injunction had been sought equity will grant relief. Board of Education et al. v. Arnold, 112 Ill. 12.

Upon the same principle equity would restrain the payment of any of such public moneys for such unlawful and for any fraudulent purpose, to any one by the board of directors of such district.

In Jackson v. Norris, 72 Ill. 364, it was held that a court of equity will entertain a bill on behalf of taxpayers for relief against an act of misappropriation of public, corporate funds after it has been committed, as well as to enjoin the commission of such act, when meditated.

It was further held in that case, that courts of chancery will interfere to prevent municipal councils from abusing powers relating to property and funds intrusted to them, to be exercised in conformity with law, for the benefit of the incorporated place or its inhabitants, and will relieve against fraudulent disposition of its property and the authorities cited in support of the opinion, which would seem conclusive upon that point. Hence, the Circuit Court erred in dismissing the original and amended bills for want of equity. The court also erred in sustaining the demurrer to complainant's amended bill.

The fact that the money had been paid to Fred Jamison under the circumstances in the answer and amended bill set out, in no manner prevented the relief sought by complainants. Neither Jamison nor the school directors could defeat the injunction or complainants' right to relief by their own wrongful act in paying the money, if the allegations of the bill were sustained upon hearing the case upon its merits. Board of Education v. Arnold, *supra*, and cases cited.

It is a familiar principle that equity once having obtained jurisdiction will retain it until complete justice is done, even though adequate relief can be reached only by a personal judgment. Hurd v. Ascherman, 117 Ill. 501; Pool v. Docker, 92 Ill. 501.

Second. We think the Circuit Court also erred in dismissing the original bill, on the disposition of the motion to dissolve the injunction, and refusing to hear evidence of the complainants as offered upon the matters set up therein. The cause was at issue upon its merits, and no demurrer having been interposed to the original bill, complainants had a right to be heard upon their issues. The injunction therein prayed was not the only relief sought, or prayed for, and the suit still remained in the Circuit Court for hearing upon the issues joined, after the dissolution of the injunction, as before. It is clear that the dissolution of a preliminary injunction can not affect the ordinary progress of a suit in equity, it being collateral to the main object of the bill. It by no means follows from the dissolution of the preliminary injunction that the complainants are not entitled to other relief sought, and that can only be determined by a hearing upon the merits, which may result in granting the relief sought, with a perpetual injunction also, as frequently occurs in practice and is fully warranted and established by precedent and authority too familiar to require citation or further comment. To dismiss a bill in such case, without a hearing on the merits, is to cast the complainant in damages for wrong doing in suing out an injunction, for the doing of which he might on the hearing clearly establish his right. Complainants had an undoubted right, we think, to such hearing, for if they established the averments and charges of the bill, as we have attempted to show, they were entitled to relief, and the injunction was not improperly sued out; and if that be so, it is apparent that they should not be cast in damages therefor, upon its dissolution. In such case there could be no breach of the condition of the injunction bond. In the case at bar the injunction was dissolved upon coming in of defendants' answer denying the allegations of the bill, and the

bill thereupon was dismissed, and the claimed damages of $263.65 assessed for the wrongful suing out of the injunction, and a hearing of evidence upon the merits was denied. This we think was error manifestly. Woerishoffer et al. v. S. E. & W. Ry. Co., 25 Ill. App. 84; Fisher v. Tribby, 5 Ill. App. 336; Wilson v. Weber, 3 Ill. App. 125; Terry et al. v. Trustees of H. P. School, 72 Ill. 479; Blair v. Reading, 99 Ill. 600.

The correct rule as we think was stated by Judge Pleasants in Gillett v. Booth, 6 Ill. App. 429, viz.: " When an injunction is the only relief sought and it is dissolved on motion *upon the bill alone*, which operates as a demurrer for want of equity and admits all the facts alleged, the order of dissolution is a final disposition of the case and the formal dismissal of the bill may regularly follow, *but not otherwise;* " which is supported in this State by the following cases: Titus v. Mabee, 25 Ill. 232; Hummert v. Schwab, 54 Ill. 142; Weaver v. Poyer, 70 Ill. 567.

Third. It follows, therefore, that the assessment of damages on the dissolution of the preliminary injunction in the Circuit Court was erroneous for the reasons above set forth, and for the further reason that the evidence fails to show that the attorneys' fees allowed were the usual and customary fees, or that the attorneys had not an agreement for a less amount, or that appellees had paid or become obligated to pay therefor the amount allowed. In no case could appellees be allowed for their own time or expenses in going to the court or attendance therein. The decree of the Circuit Court must therefore be reversed and the cause remanded with directions to set aside the order sustaining the demurrer to the complainants' supplemental bill and decree, dismissing the original bill and proceed to a hearing of the cause on the original and supplemental bills on the issues joined and to be joined thereon and in conformity with the views herein above stated.

Reversed and remanded with directions.

*Reversed and remanded with directions.*