## Franz Kérz et al. v. Charles J. Wolf et al.

### Gen. No. 12,954.

1. SOLICITOR'S FEES—*what does not preclude recovery of, upon injunction bond.* A recovery upon an injunction bond for services rendered in procuring the dissolution of an injunction is not precluded by the fact that the solicitor stated that he would obtain his fees out of the bond.

2. SOLICITOR'S FEES—*when allowed for services in obtaining dissolution of injunction.* Where the only relief sought by the bill was injunction, solicitor's fees for the services rendered in obtaining a dissolution of a temporary injunction granted in the cause will be allowed.

3. SOLICITOR'S FEES—*when services rendered in obtaining dissolution of injunction, cannot be made basis of allowance of.* Where solicitors render services *ex officio* to public officers or servants and thereby obtain the dissolution of an injunction, there can be no recovery upon the bond given upon the granting of such injunction.

4. INJUNCTIONAL BOND—*instructions given in action upon, approved.* Various instructions set forth in the opinion *in haec verba* are approved.

5. APPELLATE COURT—*when will not refer to its own records.* The Appellate Court in considering a cause brought before it for review will not examine the record on file in its court in an alleged kindred case, where no consolidation was sought or had.

Action of debt. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 7, 1907.

WINSTON, PAYNE & STRAWN, for appellants; EDWARD W. EVERETT, of counsel.

PARKER & HAGAN, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

On June 28, 1905, appellant filed in the Superior Court a bill against appellees for the relief sought by the following prayer:

"Your orator, therefore, prays that Charles J. Wolf, Peter Bohlander, William Korrell, Charles Burkholm, John G. Carson and Charles Essig, who are made party defendants hereto, may be restrained by the injunction of this Honorable Court from prohibiting or otherwise preventing your orator from holding picnics which are conducted in a decent and orderly manner upon block numbered five in A. J. Stone's Addition to Maywood; being a subdivision of lot one, except the north 15 acres thereof, in section three, in township 39 north, range 12 east of the third principal meridian, in Cook county, Illinois, excepting lot numbered thirty thereof, or from using and renting said block numbered five, excepting said lot number thirty, for picnic purposes during the respective periods for which your orator has, as aforesaid, leased the same, and from ordering removed or removing or causing to be torn down the fence now surrounding said block numbered five where said fence rests upon the alleyways in said block numbered five, and from tearing down and removing the dancing pavilion upon said block numbered five until the expiration of the lease to your orator on September 30th, 1906; and that your orator may have such other and further relief in the premises as equity may require and to your Honors shall seem meet."

On the bill thus filed pursuant to its prayer an injunction was granted without notice to appellees or either of them on giving the injunction bond, here in suit, with appellants here as principal and surety respectively, in the penalty of five hundred dollars.

While from the averments of the bill it appears that appellees were officers of the village of Melrose Park, and the acts complained of were threatened in their official capacity, yet the prayer for injunction and summons is against each and all of them individually, and not in their official capacity.

Appellees first moved to dissolve the injunction on the face of the bill. Upon this motion the record does not disclose any decision or order entered. The further prosecution of the motion to dissolve the injunc-

tion was upon bill and answer with supporting affidavits. The following is the order dissolving the injunction:

"On motion of solicitors for defendants, Charles J. Wolf, Peter Bohlander, William G. Korrell, Charles Burkholm, and John G. Carson herein, and upon the reading of the answer of said defendants, and upon the argument of counsel of respective parties hereto, it is hereby ordered that the injunction heretofore issued herein on the 28th day of June, A. D. 1905, be and the same is dissolved."

It appears from the order of dissolution that the bill was not formally dismissed and still remains pending in the Superior Court. It is, however, too plain to admit of dispute that the bill is simply one for an injunction, and that the inability to sustain the injunction practically disposes of the whole case made by the bill.

This is an appeal from a judgment rendered by the Circuit Court in an action of debt on the injunction bond for the full amount of its penalty, and as no question arises upon the pleadings, it is needless here to recite them.

The principal insistence of appellants in their efforts to obtain a reversal of the judgment of the trial court, is embodied in the following statement:

"That appellees failed to establish that the defendants in the injunction suit had paid, or had become obligated to pay, any sum for solicitor's fees for services pertaining to the dissolution of the injunction; second, that there was no proper or competent evidence as to the amount the defendants in the injunction suit had paid, or had become liable to pay. Neither is there any proof in the record to show that the amount claimed by the appellees was a reasonable and customary charge made by reputable attorneys for like services in the county where the services were rendered; third, the evidence failed to distinguish between services in the dissolution of the

injunction and those rendered in the general defense of the suit. The evidence failed to show that the defendants in the injunction suit were put to a greater expense by reason of the injunction than they must necessarily have incurred in the general defense of the cause; and, fourth, the appellees failed to show that the defendants in the injunction suit had entered into any contract, express or implied, with their solicitors respecting fees for the dissolution of the injunction. The defendants in the injunction suit were the officers and trustees of a village, and the solicitors for said defendants were the regularly employed attorneys for the village.''

There is no controversy here as to appellees being liable for solicitor's fees made necessary in an attempt to have the injunction dissolved, or as to the reasonableness of the fees for which it is contended appellees were obligated to pay. Henry M. Hagan, one of the attorneys for appellees, was the only witness sworn to prove the retainer by appellees and the services necessarily rendered in procuring a dissolution of the injunction, and the reasonableness of the fees charged. This witness says his firm of Parker & Hagan were retained by appellees to appear and represent appellees to procure a dissolution of the injunction. (R. p. 70.) After detailing the services rendered in procuring the injunction to be dissolved, he testified in his examination in chief: (R. p. 690.)

"Q. Now, Mr. Hagan, do you know the usual and customary charges for lawyers in this county for services such as you have rendered? A. I do.

Q. What is the fair, reasonable and customary charge?

A. Seven hundred and fifty dollars.''

On cross-examination of this witness he testified (R. p. 73) that he told appellee Bohlander that it would cost quite a little to prepare the answers and affidavits necessary to dissolve the injunction—more than the

Kerz v. Wolf.

amount of the bond; that the amount of the bond was not sufficient to cover it, but as they were private individuals being enjoined the fees would be five hundred dollars.

Appellants claim that appellees have waived their right to reimbursement for solicitor's fees and appellants' liability therefor, because one of their solicitors, Mr. Hagan, told two of the solicitors for appellants that he had advised the officers of the village that there was no equity in the bill, and that the injunction could be dissolved upon motion, and that he would not charge the village anything, but would collect his fees out of the bond. While Hagan denies he made any such statement, and Everett and Jacobs swear he did, we are unable to discern how such statement, if made, could affect appellees' right of recovery on the injunction bond. Certainly, there is no evidence from which a liability for fees against the village of Melrose Park could be predicated. The village of Melrose Park was not a party to the injunction proceeding, and whichever of the contradictory statements of opposing counsel may be true, it could not work an estoppel against appellees from asserting their rights resting upon the undisputed evidential facts made by the record and the injunction bond.

The record is silent as to Parker & Hagan being attorneys for the village of Melrose Park, or sustaining any relations whatever to the village or its officers. The bill having for its object the procuring and perpetuating of the injunction prayed, and seeking no other relief than could flow from the maintaining of the injunction procured without notice, it follows that whatever legal services were necessarily rendered in procuring its dissolution are recoverable in an action on the injunction bond, and that the legal services in evidence were rendered to that end, and no other, is apparent.

It is true that where solicitors render services *ex officio* to public officers or servants, there can be no

recovery for services so rendered, and did the evidence here demonstrate that this condition existed as to the services in question between appellees and Parker & Hagan, their solicitors, a judgment based thereon could not be sustained. But, as appears from what has already been said, no such relationship existed so fas as is disclosed by this record.

While Wilson v. Weber, 3 Ill. App. 125, states a correct legal principle, it is inapplicable to the proof in this record. In Wilson v. Weber, *supra,* the attorney-general of the state and the state's attorneys for the several counties whose collectors were restrained, appeared in their official position as law officers of the state to defend county officers attacked in the discharge of their duty in an attempt to collect the public revenue.

In the case at bar there is no proof that the village of Melrose Park had any village attorney or the power or authority under the law to apply the village funds to the payment of an attorney or solicitor rendering legal services in the defense of any of its officials, when their acts as such might be attacked in the courts; but here the appellees were proceeded against as individuals, and not as officials.

Appellants having failed to introduce any evidence contesting the amount of the fees for which appellees were claimed to be liable on the dissolution of the injunction, the only duty remaining for the jury to discharge was to assess the amount which, under proper instructions upon the law, they might find due under the evidence given on the part of appellees.

The court instructed the jury as follows:

"The court instructs the jury to find the issues for the plaintiffs and assess the plaintiffs' damages at such sum, not exceeding $500, as the jury shall find from the evidence the plaintiffs were compelled to expend, or become liable for, in and about the procuring of the dissolution of the injunction issued against the plaintiffs on the bill of complaint filed against them

Kerz v. Wolf.

by the defendant, Frank Kerz, in reference to which evidence has been introduced in this case.

"The jury are further instructed by the court, as a matter of law, that the plaintiffs were entitled to employ solicitors for the purpose of procuring the dissolution of the injunction issued against them on the bill of complaint filed by Frank Kerz referred to in the evidence in this case, and that said plaintiffs were also entitled to pay, or become liable to pay, to said solicitors, for their services in and about the procuring of the dissolution of said injunction, a sum equal to the reasonable and customary charge for similar services by reputable attorneys in Cook county, Illinois.

"The court instructs the jury, as a matter of law, that in order to recover in this suit it is not necessary for the plaintiffs to prove any express contract with their solicitors with reference to the amount of fees to be paid, but if the plaintiffs requested their solicitors to take steps necessary to secure the dissolution of the injunction, then the law will imply a promise to pay the usual and customary fees for the service rendered, and make the plaintiffs liable therefor to their solicitors."

These instructions stated correct legal principles to guide the jury in their admeasurement of damages, and a careful examination of the instructions offered on the part of appellants and refused by the court fails to disclose any pertinent legal proposition not substantially covered by the instructions given. The value of the legal services rendered in procuring a dissolution of the injunction in question was $750, as appears from the uncontradicted testimony of Hagan; therefore, whether the appearance and stenographer's fees testified about and set down in the bill of particulars, were proper charges, become immaterial in view of the verdict of $500, the limit of a possible recovery in an action on the bond, for it is evident such items formed no part of the jury's assessment of damages.

It is not the province of the court to examine any pending case foreign to the one under consideration for any purpose. Each.case stands and must be determined· upon the record before us. We have no authority to compare the record in this case with the one said to be on file in case general number 12,955, for the purpose of comparing the bill of particulars in that case with the one we find in this record, and determining from such examination any question not disclosed by the record before us. If the two cases are so relatively connected on principle and fact as to make the consideration of one important to the decision of the other, a plain, simple and orderly method was open to appellants by moving the court for an order consolidating the dual cases for hearing. Not having so done, the point made is without force.

There is no error in this record justifying a reversal of the judgment of the Circuit Court, and it is therefore affirmed.

*Affirmed.*