CHARLES H. WEAVER

*v.*

WILLIAM A. POYER *et al.*

1. APPEAL—*when it lies to this court.* Where the court, on motion of the defendant, dissolved the injunction previously granted on a bill to enjoin the collection of a judgment, there being no answer filed, and the complainant then moved to dismiss his bill, if the court should hold there was no equity in it, which the court did, and the complainant appealed: *Held,* that the complainant was not precluded from appealing by his motion, but that he pursued the proper practice.

2. CHANCERY—*whether the bill seeks other relief than an injunction.* A bill in chancery prayed for an injunction to restrain the collection of a judgment at law, and the service of an execution which had been issued thereon. The bill also prayed that the judgment be decreed to be void, and of no effect. It was held this was no more than what would have been the virtual effect of the perpetual injunction which was sought, and the bill was regarded as really but a bill for an injunction, so that a decree dissolving the injunction was considered a final one.

3. SAME—*motion to dissolve injunction—its effect.* A motion to dissolve an injunction on the face of the bill, no answer being filed, operates the same as a demurrer to the bill, and if sustained, and the complainant is willing to rest his case upon demurrer, he should move the court to dismiss his bill.

4. SAME — *relief against judgment.* A bill in chancery, to enjoin the collection of a judgment at law, alleged that the summons in the suit, though returned as served upon the complainant, never was, in fact, served, that he never appeared in person or by attorney, and had no notice or knowledge whatever of the existence of the suit until the execution issued thereon was presented; that the recovery was had upon goods consigned to complainant, as a commission merchant, for sale on commission, and that they were destroyed in the great Chicago fire, without any fault on the part of complainant; that at the time of the fire, the plaintiff in the judgment was indebted to the complainant, and that, since then, there had been no other dealings between them, nor had the complainant any money or property of the plaintiff in his hands, except plaintiff's share of insurance money on the goods destroyed, which was tendered by the bill: *Held,* that the bill showed a good case for enjoining the collection of the judgment, it having been rendered without jurisdiction, and being unjust.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in chancery, brought by Charles H. Weaver against William A. Poyer and Timothy M. Bradley, to enjoin the collection of a judgment which had been rendered against the complainant in the Superior Court of Cook county, by default, on the 16th day of May, 1872, in favor of Poyer, for the sum of $1446.50 damages, and costs, on which an execution had been issued and placed in the hands of Bradley, the sheriff of Cook county, to collect. The proceedings had in the court below appear in the opinion.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Messrs. BARKER & WAIT, and Mr. WM. HOPKINS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, brought by Weaver, the appellant, to enjoin the collection of a judgment, and the service of an execution which had been issued thereon, the judgment having been rendered against him, by default, for the sum of

$1446.50, in the Superior Court of Cook county, on the 16th day of May, 1872, in favor of William A. Poyer. The bill is the only pleading in the case. Upon motion of the defendants in the court below, the temporary injunction, which had been issued upon the bill, was dissolved, and thereupon the solicitors for the complainant moved that, if the court held there was no equity in the bill, the court would dispose of it, and the court then, holding that there was no equity in the bill, dismissed the same for want of equity, at the complainant's costs.

The complainant appealed, and assigns for error the dissolving of the injunction and dismissing the bill.

Appellees have moved to dismiss the appeal, upon the ground that the decree appealed from was entered upon the motion of appellant.

In *Titus et al.* v. *Mabee et al.* 25 Ill. 257, and *Wangelin et al.* v. *Goe,* 50 id. 459, this court held, that a motion to dissolve an injunction on the face of the bill, no answer being filed, would operate in the same way as a demurrer to the bill.

In *Knapp et al.* v. *Marshall et al.* 26 Ill. 63, it was said: " A complainant, willing to rest his case upon a demurrer, must move the court to dismiss the bill. This is final, and appeal or error will lie. A decision on the demurrer is merely interlocutory." The complainant has but pursued the course here indicated. It was proper, so as to have a final disposition of the case, in order that an appeal or writ of error might lie. A mere order dissolving an injunction, is interlocutory. *Pentecost* v. *Magahee,* 4 Scam. 326.

The court found there was no equity in the bill. It was useless to go through the form of making proof of the allegations in the bill. Had they all been proved, the result would not have been changed. They were all admitted to be true, by the motion to dissolve, and yet the court held they made no case for an injunction. Taking the appeal was the only way open to the complainant to preserve the injunction which had been issued, and keep it on foot until his right

to the injunction could·be passed upon by the court of last resort.· It is suggested that there was other relief sought by the bill, and that therefore the decree dissolving the injunction could not be regarded as essentially a final one, as was said in *Titus et al.* v. *Mabee et al. supra.* It is true, the bill prays that the judgment be decreed to be void, and of no effect. But that would be no more, in fact, than what would be the virtual effect of the perpetual injunction which was sought, to enjoin Poyer from doing any act or thing under or by virtue of the judgment. We view the bill as really but a bill for an injunction, and we regard the appeal as properly brought.

The bill alleges that, upon the summons, which appears among the files of the suit in which the judgment was rendered, there is a return of service by reading to the defendant, and that the return is untrue; that the defendant was never in any manner served with process in the cause; that he never appeared therein, by person or attorney, and had no notice or knowledge whatever of the existence of the suit until the execution issued upon the judgment was exhibited to him by the officer.

The bill alleges that, as appears from the files of the cause, the cause of action in the suit was, to recover the value of a quantity of dried apples and chestnuts; that said goods had been consigned to the complainant, as a commission merchant, in Chicago, for sale on commission; that, on the 8th and 9th days of October, 1871, the property was destroyed by fire, without any fault or negligence of complainant; that, at the time of said fire, Poyer was indebted to the complainant in the sum of $313.28, after deducting all demands of Poyer against complainant; that, since then, he has had no transactions or dealings with Poyer, and has in no manner become indebted to him, nor has had any money or property of Poyer in his hands, except his proportionate share of insurance money received on an insurance which had been effected on Poyer's goods, together with a quantity of other goods owned by complainant and held for sale on commission—which pro-

portionate share, by statement given in detail, the complainant makes out to be $388.53, and tenders into court for Poyer.

In *Owens* v. *Ranstead*, 22 Ill. 161, it was held, that equity would enjoin the collection of a judgment thus obtained without jurisdiction of the person. The bill shows that the defendant had a complete defense.

We are of opinion the court erred in dissolving the injunction and dismissing the bill.

The decree is reversed.

*Decree reversed.*