## WILLIAM C. RICH ET AL.
## v.
## DAVID GOW.

1. ROAD LAW—QUESTIONS AS TO NECESSITY OF ROAD.—Whether a proposed road will be more expensive to keep in repair than the old one, or whether a public necessity for the new road exists, are questions for the county authorities charged by statute with the duty of determining them before making the order establishing the road, and their conclusions thereon are not a subject of review by the courts in a collateral proceeding.

2. SAME.—The mere fact that the order of the county board requires something to be done by the petitioners which the board has no right to compel, can not destroy the jurisdiction of the board to grant the prayer of the petition if the public interest demands it. The condition in such order that the costs and damages be paid by the petitioners will not render the whole order void.

ERROR to the Circuit Court of Union county; the Hon, ROBERT W. McCARTNEY, Judge, presiding. Opinion filed June 12, 1886.

Bill in equity by defendant in error against the plaintiffs in error, praying for an injunction against them to restrain the said Rich, as supervisor of roads, and the said Wallace, as a justice of the peace, from further proceedings to open a highway or to assess damages to plaintiff in error consequent upon the location of the highway over his lands.

The bill alleges that the complainant is the owner of a valuable farm in said county of Union in a high state of cultivation and arranged with reference to the public highway which runs through it, in a most convenient manner; that such highway was re-located by the county commissioners' court in 1878, and since its said re-location he has arranged his

farm to conform to the new road and leveled down the banks
of the old road, manured it and now has it under a high state
of cultivation. That, at the December term, 1884, of the
county board of Union county, a petition was presented by
the defendant, William Rich, Sr., to again locate said high-
way upon said line, and viewers thereupon were appointed to
survey and locate said highway as prayed for, and that two of
said viewers reported in favor of said re-location, and one ad-
versely to it, and the county board adopted the report of the
majority and ordered the road to be opened of lawful width
upon the condition that the petitioners pay all costs and dam-
ages which might be occasioned by the building and construc-
tion of said road.

Further avers that said Rich caused himself to be appointed
supervisor of roads in the district where the proposed road is
to be made, and that he as supervisor has caused suits to be
instituted before plaintiff in error, Wallace, a justice of the
peace, for the assessment of damages, against the complainant
and one M. J. Barnum, which suits were then pending for
trial. Avers that neither the public nor the county of Union
has any interest in the result of the suits, the whole matter
being remitted to the petitioners under the leadership of said
Rich. That the re-location of the road will be of irreparable
damage to him and to said Barnum, and that he has claimed
the sum of $800 and Barnum $100, which is a reasonable sum
for the damages to them respectively, so far as money can
compensate therefor.

The bill then states that the road as already located is a good
location and can be kept in repair as easily as the proposed
one and that the road is being located for the benefit of indi-
viduals instead of the public. Makes the order of the county
court an exhibit to the bill and asks that Rich and Wallace be
enjoined from taking any further steps to open the road or to
assess damages to the complainant. Temporary injunction
was issued, and at the next term of the circuit court defend-
ants appeared and entered their motion to dissolve the injunc-
tion for want of equity appearing upon the face of the bill,
which being overruled they declined to answer, and the

injunction was made perpetual, and they bring the case to this court by a writ of error.

Mr. D. W. Karraker, for plaintiffs in error.

Mr. W. S. Day, for defendant in error.

Pillsbury, P. J. The motion to dissolve the injunction operated precisely as a demurrer to the bill (Weaver v. Poyer 70 Ill. 567), and the question was thereby raised, whether the facts averred showed such a case as called upon a court of equity to interfere by way of injunction to prevent any further proceeding to assess damages and open the road under the statute. All the averments in the bill showing that the proposed road would be more expensive to keep in repair than the old one, or that no public necessity for the new road exists, can be passed without comment, as those questions are for the county authorities charged by the statute with the duty of determining them before making the order establishing the road, and their conclusions thereon are not a subject of review by the courts in a collateral proceeding. Sangamon County v. Brown, 13 Ill. 207. Nothing is alleged in the bill tending to show that the county board did not acquire jurisdiction to act upon the petition, appoint viewers and make an order establishing the road upon their report recommending it. No attack is made in the bill upon the sufficiency of the petition, or the time or manner of giving the notice required of the intended application to the board for its action upon the petition.

The principal point made by the bill and argued here for the relief prayed, is that the order of the county board granting the prayer of the petition and ordering the road opened upon the condition that the petitioners pay the costs and damages is a delegation of the powers conferred by the statute upon the county board to the defendants to control all the subsequent proceedings in relation to the assessment and payment of damages and final opening of the road as located by the viewers. We can not consent to the view that the order

should be so construed. The petition was for a public highway for public use, and the viewers reported that the public necessities demanded it, and the county board in adopting such report must be considered as having determined the question of its utility and necessity as a public way. To this extent it appears that it acted in strict conformity with the statute defining its powers and duties in that regard.

It may be conceded that the condition or requirement that the costs and damages be paid by the petitioners has no warrant in the statute, yet we are not prepared to hold that such requirement renders the whole order void. The statute has provided how the costs and damages are to be paid, and the requirement in the order that they shall be paid in any other manner can not be held to operate as a repeal of it.

Before the land of the complainant can be taken for public use his damages must be assessed and paid, and he has shown by his bill that they are capable of admeasurement, and it would seem that he would have but a small interest in the question from what source the money is derived. The mere fact that the order requires something to be done by the petitioners which the board has no right to compel, can not destroy the jurisdiction of the board to grant the prayer of the petition if the public interest demands it. The condition relates to subsequent proceedings in the cause and may well be ignored or disregarded. The proceedings show the laying out of a public road in compliance with the terms of the statute, and the supervisor has taken the proper and necessary steps to have the justice assess the complainant's damages, and until the damages assessed are paid or tendered the complainant can not be in danger of losing his land. In case the county board fails or refuses to pay the damages no injury results to him.

Holding, as we do, that the condition in the order is invalid and the order re-locating the road within the power and jurisdiction of the county board, there is no ground upon which complainant at this time can ask a court of equity to restrain the supervisor and justice of the peace from proceeding to perfect the legal laying out of the road, by the assessment of damages.

The decree making the injunction perpetual will be reversed and the cause remanded with directions to the circuit court to dissolve the injunction and dismiss the bill without prejudice.

Decree reversed and remanded.