PATRICK L. GARRITY AND EDWARD S. DREYER

v.

CHICAGO & NORTHWESTERN RAILWAY COMPANY
ET AL.

*Injunctions—Dissolution—Jurisdiction—Damages.*

Upon the dissolution of an injunction at the direction of the Supreme Court, the Circuit Court may assess the damages to which the defendant is entitled, before the dismissal of the bill

[Opinion filed April 26, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. M. A. RORKE and ANDREW M. RORKE, for appellants.

Messrs. MONTGOMERY & SMITH, for appellees.

*Per Curiam.* This appeal is from an assessment of damages upon the dissolution of an injunction which had been obtained by appellants against appellees. The injunction was made perpetual in the Circuit Court and the judgment of said court was affirmed on appeal to this court.

One of appellees sued.out a writ of error from the Supreme Court and the judgment. was reversed by that court, and, the Circuit Court allowed appellees to file suggestions of damages and assessed the damages for the reasonable value of attorney's services in the Circuit Court, at $500. No other damages were asked for.

Appellants contend that, as the dissolution was the result of the action of the Supreme Court taken in this suit upon a writ of error, the Circuit Court had no jurisdiction to assess the damages upon the dissolution which the Supreme Court directed; that the writ of error was a new suit, not a continu-

ation of the old one. There is nothing in the point. When the injunction is dissolved by a court of chancery as a result of regular proceedings, which in law are effectual to bring about the dissolution, the defendants may have such damages assessed as they are entitled to before the dismissal of the bill. Several technical objections are urged by appellants which we do not deem it necessary to discuss. Suffice it to say, that we do not find any of them tenable. The decree for damages is fully sustained by the evidence in the record and must be affirmed.

*Decree affirmed.*