WILLIAM McKONE, IMPLEADED, ETC.,

v.

GEORGE A. WILLIAMS ET AL.

*Building Contracts—Balance Due—Recovery of—Practice.*

1. The giving of a wrong reason for a right decision is not error.

2. The burden of proof in a given action is upon the defendant to show that too many or too few persons are joined as plaintiffs, and this may be done under the general issue, but such showing can not be made upon cross-examination of the plaintiff's witness, unless he has testified in chief upon the subject.

3. In an action to recover a balance claimed to be due upon a building contract, and for extras, this court declines, in view of the evidence, to interfere with the judgment for the plaintiffs.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. LYMAN M. PAINE, for appellant.

Mr. CARLOS J. WARD, for appellees.

GARY, J.  The appellees undertook to build a house for the appellant and his wife, under a written contract, which provided that it should be done to the satisfaction and under the direction of an architect named.

The appellant promised to pay the price, in certain install-

ments, "on certificates of" the architect, but with no state-
ment as to what the certificates should contain.    The contract
had this clause:   "Owner to get certificate from architect."
The price was $2,350; $2,150 was paid before suit, of which
$1,175 was on certificates, and the residue without.    The
house seems to have been finished, and a bill, charging the
appellant with the contract price and extras, delivered by the
appellees to the appellant about the 17th of January, 1889, but
nothing was done about a certificate from the architect until
March 13th.    Then he certified that he had inspected the
bill in connection with the contract, and found there was due
to the appellees $27.57.    The finding by the court is $300.
The contract conferred no authority upon the architect to
determine whether any amount was due, but did authorize
him to value or appraise alterations, which the appellant
deemed proper and the architect advised.    No such alterations
were ever made.    From these circumstances it was fair to infer
that the appellant, whose duty it was to procure any certificate
required, intentionally refrained from so doing.    He can not
ground a defense upon his own neglect.    In fact, he gives in
his testimony as the reason why he did not pay the bill, that
the appellees would not allow him for some old lumber as
they promised to do.    On the question of fact of how much
was due, the finding below, is, under the circumstances, con-
clusive.

There is a question of practice arising in this way: In the
contract "Merseratt, Williams & Co." are parties of the first
part, but it is signed only "George A. Williams."    It was
produced by Williams as a witness, and he testified that he
did the work under it.    On cross-examination he testified: "I
signed George A. Williams, instead of Merseratt, Williams &
Co.    I sometimes signed them one way, and sometimes the
other."

He was then asked who composed the firm, but the court
held that the appellant could not make that inquiry without
a denial of the partnership, by which we understand the court
meant a verified plea, denying it.    If so, the court gave a
wrong reason for a right decision.    That is not error.    Potter

v. Gronbeck, 117 Ill. 404. Sec. 33 of the Practice Act merely shifts the burden of proof upon the defendant, to show that too many or too few persons are joined as plaintiffs, and this he may do under the general issue. Snell v. De Land, 43 Ill. 323.

But such showing is part of the defendant's case, and can not be made on cross-examination of the plaintiff's witness, unless he has testified in chief upon the subject. "When a witness is called by one party, the other has only the right to cross-examine upon the facts to which he testified in chief." Stafford v. Fargo, 35 Ill. 481.

The appellant, when he entered upon his defense, might have called Williams as his own witness, and the question would then have been competent.

There is no error, and the result is probably as nearly right as fallible judgment can reach. The judgment is affirmed.

*Judgment affirmed.*