## Lindblom v. Williams.

1. INJUNCTION—*What is, etc.*—*Assessment of Damages.*—In a pending suit it was ordered that the defendant, his agents, solicitors and attorneys, and all persons acting in his behalf, absolutely desist and refrain from prosecuting, or taking any steps toward the prosecution of a certain suit at law, etc. *It was held*, that the order was an injunction, from the granting of which an appeal lies, and disobedience of which might be punished, and that it was within Sec. 12, Ch. 69, entitled "Injunctions," providing that in all cases where an injunction is dissolved, damages may be assessed.

Memorandum.—Award of damages on dissolution of an injunction. Appeal from the Superior Court of Cook County. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

EDMUND FURTHMANN, attorney for appellant; WM. M. JOHNSON, of counsel.

ALBERT C. BARNES, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an award of damages on the dissolution of an injunction.

The only proposition of the appellant is, "There was nothing on which to permit suggestion of, or to award damages."

A chancery case was pending in the Superior Court, entitled as above. In that suit on the 14th day of November, 1892, the following order was made:

"It is hereby ordered that the defendant, William S. Williams, his agent, solicitors and attorneys, and all persons acting in his behalf, do absolutely desist and refrain from prosecuting or taking any steps toward the prosecution of the suit at law now pending in the Circuit Court of Cook County, Illinois, wherein said Williams is plaintiff and Robert Lindblom and Nathan G. Miller are defendants, being general number 107,523, until the further order of this court."

December 28, 1892, the following order was made:

" This cause also coming on to be heard, and on the motion of defendant Williams to dissolve the injunction herein, after arguments of counsel, said motion is denied, and it is ordered that the complainant file an injunction bond in this cause in the penal sum of $70,000, with surety, to be approved by the clerk of this court within one week."

January 6, 1893, the following order was made:

" It appearing to the court that the complainant has failed to file an injunction bond as required by the order of this court, entered herein on December 28, 1892, therefore on motion of the defendant, Williams, it is ordered that the injunction granted herein be, and the same is, hereby dis-

solved, with leave to said defendant to file his suggestion of damages herein.

Now the argument is, that as no writ of injunction ever issued, no damages could be awarded.

But the order of November 14th was an injunction from the granting of which an appeal would lie, and disobedience of which would be punished.

It is within " all cases where an injunction is dissolved." Sec. 12, Ch. 69, Injunctions.   When dissolved it was a case for damages.

Very delicately the appellant criticises the action of the court in not permitting him to cross-examine as to value, a witness, who had only stated the services he had rendered, and the amount he had been paid, the testimony as to value coming from other witnesses.   The court was right.   Mc-Kone v. Williams, 37 Ill. App. 591.   Affirmed.