68 623
173s 137

## Elbridge G. Keith et al. v. Frederick Henkleman et al.

1. Injunction Bond—*Reformation of, in Equity.*—An injunction bond may be reformed in a court of equity by adding seals thereto, against the sureties as well as against the principal, such bond, by mistake and inadvertence, not having been sealed at the time of its execution.

2. Trial by Jury—*Assessment of Damages on Dissolution of Injunction.*—The respondents in a proceeding to assess damages upon the dissolution of an injunction are not entitled as a matter of right to a trial by jury.

Bill, for an injunction. Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

James A. Peterson, attorney for appellants.

Tenney, McConnell & Coffeen, attorneys for appellees.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellants, Elbridge G. Keith and William A. Stanton, were sureties for the appellant John L. Peterson on an injunction bond in the suit of the latter against the Brabrook Tailoring Company and others. Such bond was, by inadvertence and mistake, not sealed, and such mistake was not discovered until at or about the time the injunction was dissolved, in conformity with the opinion of this court in Henkleman v. Peterson, 40 Ill. App. 540. Thereupon the obligees in said bond (the appellees here) filed a bill to reform the bond, and to have their damages by reason of the wrongful issuance of said injunction awarded them. The Supreme Court, in Henkleman v. Peterson, 154 Ill. 419, held that the bond might be reformed in respect to adding seals thereto, as against the sureties as well as against the principal, and the cause being remanded to the Superior Court, the decree now appealed from was entered.

Only that part of the decree awarding $1,228.29 damages by reason of the issuance of the injunction, is questioned. Of such sum $1,000 was for solicitor's fees, and the controversy, as presented to us, is mainly confined to that single item. If there be other contentions they will, with trifling exceptions, stand or fall with the one applicable to the award of solicitor's fees.

When the injunction was dissolved in accordance with the opinion of this court, *supra*, the appellees became entitled to have their damages ascertained for its unlawful issuance.

The fact that the purported bond was unsealed, and therefore not a bond, was then discovered, and interposed itself as a shield to the sureties. This bill thereupon became a necessary preliminary to the ultimate and principal relief to which appellees were entitled, viz., the damages to which they had been subjected.

The reforming of the bond was but incidental, although necessary, to such relief. And its reformation was peculiarly within the sphere of equity. Having taken jurisdiction and reformed the bond, equity might and should proceed to give the complete remedy of ascertaining and awarding the damages sustained, against which the bond was given as protection.

The points made, that the appellees had a remedy at law, and that the appellants were entitled, as a matter of right guaranteed by the Federal and State constitutions, to a trial by jury upon the question of what, if any, damages were sustained by the appellees under the injunction, are not well taken. 2 Beach on Mod. Eq. Jur., Sec. 538; 2 Story's Eq. Jur., Sec. 796; 1 Pomeroy's Eq. Jur., Sec. 181; Continental Ins. Co. v. Ruckman, 127 Ill. 364; Mercantile Ins. Co. v. Jaynes, 87 Ill. 199; Ward v. Farwell, 97 Ill. 593; Flaherty v. McCormick, 113 Ill. 538.

The injunction bond provided in terms for the payment of damages occasioned by the wrongful issuance of the injunction, and also such damages as might be occasioned in case the injunction should be dissolved. The injunction was dissolved before this bill was filed, and the finding in the decree appealed from was that the fees allowed were for services in procuring such dissolution.

That the original bill, upon which the injunction issued, was not dismissed until after this bill was filed, we do not regard as material. Sec. 12 Ch. 69, R. S., entitled " Injunctions;" Garrity v. C. & N. W. Ry. Co., 22 Ill. App. 404; Lindblom v. Williams, 51 Ill. App. 483.

Upon the objection that the fees allowed were excessive, we quote from the decree, as follows :

" The court further finds that the complainants in this cause retained counsel, immediately upon the filing of the said bill in the case of John L. Peterson v. The Brabrook Tailoring Company et al., mentioned in said bond and in the pleadings herein, to obtain the dissolution of said injunction; that said counsel charged to said complainants, and said complainants, on or about June 30, 1891, and prior

'to the filing of this bill, paid for the services of said counsel in procuring the dissolution of said injunction, the sum of one thousand dollars ($1,000), and that said sum was the usual and customary charge for legal services of that character, and was a fair and reasonable charge for the services rendered by said counsel in' procuring such dissolution, and that the defendants, John L. Peterson, William A. Stanton and Elbridge G. Keith, are liable on said injunction bond to said complainants therefor."

Such finding was abundantly supported by the evidence, and we do not feel warranted in disturbing it.

We will not undertake to answer in detail all of the technical objections that are interposed to the decree. From an examination of them we are satisfied none of them ought to be allowed to prevail over what seems to be the manifest justice of the decree, which is accordingly affirmed.