Garrett v. Peirce.

---

## J. S. Garrett et al. v. Charles M. Peirce et al.

1. MORTGAGES—*Liability of Grantee of Mortgagor.*—A grantee is only liable personally for the amount of a mortgage on land conveyed to him, when he expressly assumes and agrees to pay the same either by accepting a deed containing a provision to that effect or in some other proper manner.

2. SAME—*Grantee of Mortgagor Only Liable for Amount Assumed.*— If a grantee only assumes a specified amount of mortgage indebtedness he can not be held personally liable for the whole of a larger mortgage on the land.

3. SAME—*A Junior Mortgagee Can Not Compel Foreclosure of a Prior Mortgage.*—A junior mortgagee can not compel a foreclosure of a prior mortgage. It is the privilege of the holder of the prior incumbrance to foreclose it or not, as he sees fit.

4. ATTORNEY'S FEES—*An Attorney Can Not be Allowed Fees in His Own Case.*—It is against public policy to allow an attorney fees for his own professional services in his own cause.

**Foreclosure.**—Error to the Circuit Court of Whiteside County; the

Hon. J. C. GARVER, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

### STATEMENT OF THE CASE.

This is a writ of error sued out by John S. Garrett and Lizzie A. Garrett to reverse a decree foreclosing a real estate mortgage. John N. Boyer and Solomon S. Porter were the only solvent sureties on a judgment note for $8,400, given by the Home Nursery Company of Bloomington to the Third National Bank of Bloomington. The Nursery company was in straitened financial circumstances, and the bank threatened to enter judgment unless further security was given. Porter owned a farm in McLean county and Boyer owned a farm in Whiteside county. There was already a mortgage on each. An arrangement was made between these sureties and the bank that Porter and Boyer should each give the bank a second mortgage on his farm to secure either the whole or a part of this debt (upon which point the evidence is in conflict), and in consideration thereof the bank should extend the time of payment. They each executed a second mortgage as prepared by the bank, and the mortgages were recorded in the proper counties. Thereafter Boyer conveyed his farm to John S. Garrett by warranty deed, subject to certain incumbrances which the deed provided the grantee should pay. The Nursery company became insolvent and an assignee distributed its assets without paying this debt. The bank took judgment by confession on its note against all the signers thereof. Afterward it began foreclosure proceedings on the Porter mortgage, and it realized from Porter $9,136.30 on November 28, 1894, which sum satisfied the bank's judgment. The cashier of the bank on said date indorsed upon the record of said judgment that it was " satisfied in full by S. S. Porter, one of the defendants and a surety." On the same date the attorneys of the bank executed in their own names, as attorneys, an assignment of the Boyer mortgage to Charles M. Peirce and Walter G. Porter, defendants in error here. On the next day, the bank, by its president, executed a formal assignment of said mortgage to defendants in error, and S. S.

Porter executed an assignment to them of his right of subrogation. Their interest arises in this way: In order that the Porter farm should sell for sufficient to pay the bank, it was necessary to clear the title thereto and to pay off certain other judgments. S. S. Porter made an arrangement with defendants in error, that they should furnish the money necessary to do this and he would assign them his right of subrogation against his co-sureties upon the note above described. They advanced for that purpose $3,102.86. Then they filed this bill to foreclose the Boyer mortgage, making defendants thereto John S. Garrett, Lizzie A. Garrett, his wife, and the Anthony Loan & Trust Company, which held the prior mortgage. The court below decreed a sale of the premises subject to the prior mortgage, which is not yet due, and the payment of $5,141.70 to defendants in error from the proceeds of the sale (being one-half the amount S. S. Porter paid and interest thereon), and decreed that Garrett and wife were both personally liable for the payment of that sum to defendants in error, and that if the sale of the premises did not produce the full sum last named, the deficiency should be ascertained and thereupon said John S. Garrett and Lizzie A. Garrett should pay such deficiency to defendants in error, who should have execution therefor. The decree also awarded $100 solicitor's fees to defendants in error.

R. L. Fleming and A. E. DeMange, attorneys for plaintiffs in error.

Chas. M. Peirce and Walter G. Porter, defendants in error, *pro se;* E. F. O'Riordan, of counsel.

Mr. Justice Dibell delivered the opinion of the Court.
This case was before this court on demurrer to the bill of complaint in Peirce v. Garrett, 65 Ill. App. 632. Many of the questions of law now argued were settled for the case, so far as this court is concerned, by that decision. We there laid down rules to guide the future conduct of the cause in the lower court, and it was bound to comply therewith. We are of opinion we ought not to treat the legal

propositions there announced as open to further considera-
tion in this court in the same case.

Lizzie A. Garrett was not a grantee in the deed from
Boyer. No fact is stated in the bill or shown in the evi-
dence or found in the decree which tended to make her
legally or equitably liable to defendants in error. The
provisions in the decree finding her personally liable, and
for a deficiency decree, and execution against her, are mani-
festly erroneous.

The deed from Boyer to John S. Garrett contained this
clause: "Subject to an incumbrance of four thousand dol-
lars, which the purchaser assumes and agrees to pay." This
is the only agreement by which Garrett assumed any per-
sonal liability. The prior mortgage to the Anthony Loan
& Trust Company was for the principal sum of $2,000,
and was then and still is not paid and not due; and it
is clear, from the evidence, this $2,000 was part of the
$4,000 Garrett, by accepting the deed, assumed and agreed
to pay. That would leave only $2,000 and interest from
the date of the deed, which (by virtue of the language of
the deed he accepted), John S. Garrett became personally
liable to pay upon the bank mortgage. It was error to
hold him personally liable for a larger sum.

Defendants in error signed their own names as solicitors
to the bill of complaint and to the amendment thereto, and
the decree shows that they tried the case below. As they
have neither paid solicitor's fees nor incurred any liability
to do so, the allowance of $100 solicitor's fees to them
should not have been made. It is against public policy that
an attorney should be allowed fees for his own professional
services in his own cause. Cheney v. Ricks, 168 Ill. 533.

The contract between Garrett and Boyer was made in
McLean county, distant from the records of Whiteside
county. Boyer delivered Garrett an abstract of title, and
Garrett had it examined; but it had not been brought down
to date, and did not include the mortgage to the bank.
Boyer stated to Garrett that the mortgage to the bank
secured the sum of $2,000, and Garrett accepted that state-

ment as true; and it was the Anthony mortgage of $2,000, and the $2,000 for which Boyer told Garrett the bank mortgage was given, which made the $4,000 of incumbrance which the deed stated the purchaser assumed and agreed to pay. The bank mortgage, in fact, states that it is to secure the whole of said note of $8,400, and it was of record when Garrett bought, and of course the land in Garrett's hands would be subject to be sold for all that might be due upon said bank mortgage, even if Boyer's statement to Garrett was untrue. But it is claimed by Garrett that when Boyer and wife executed the mortgage to the bank that part of the instrument descriptive of the debt to be secured thereby was blank, and that it was agreed between Boyer and the bank that it should be filled out so as to make it secure $2,000 only of the indebtedness evidenced by said note for $8,400. There is in the record positive evidence with corroborating circumstances to support this contention. Defendants in error claim that the mortgage was to be given by Boyer to secure the entire note, and that it was so drawn and completed before Boyer and wife executed and delivered it. There is positive evidence in the record, with corroborating circumstances, to sustain this contention. If the claim of Garrett is true, undoubtedly he can have the benefit of it in this equitable proceeding. As the case must be reversed for the errors already pointed out, and as the parties do not seem to have exhausted the sources of evidence upon this subject, we think it proper to leave this question of fact undecided, that each party may offer further evidence upon the subject.

It is assigned for error that the decree directs a sale subject to the Anthony mortgage. The Anthony Loan & Trust Company in its answer set up its prior mortgage, and asked therein that any sale ordered be made subject thereto. A junior mortgagee can not compel a foreclosure of a prior mortgage. It is the privilege of the holder of the prior incumbrance to foreclose it or not, as he sees fit. Shaffner v. Appleman, 170 Ill. 281. As that company was a defendant, and pleaded its mortgage, and did not ask a foreclosure, it was necessary the decree should establish the

existence and amount of the prior mortgage, and direct a sale subject thereto.

For the errors indicated the decree of the court below will be reversed and the cause remanded.

CRABTREE, P. J., took no part.