## Peru Plow & Wheel Co. v. Sandwich Enterprise Co. et al.

1. EQUITY PRACTICE—*Order Sustaining a Demurrer Not Final.*—A bill in equity is not necessarily put out of court by sustaining a demurrer to it. It is only from a decree making a final disposition of a case that an appeal or writ of error lies.

2. SAME—*Final Order After a Demurrer is Sustained.*—A complainant willing to rest his case upon a demurrer must move the court to dismiss the bill, and when that is done, the order of dismissal is final, and appeal or writ of error will lie.

3. SAME—*Order Sustaining a Demurrer Interlocutory.*—In chancery practice an order sustaining a demurrer to a bill is an interlocutory order.

**Bill for Equitable Relief.**—Trial in the Circuit Court of DeKalb County; the Hon. HENRY B. WILLIS, Judge, presiding. Hearing on demurrer to the bill of complaint. Judgment for defendant. Appeal by complainant. Heard in this court at the May term, 1898. Appeal dismissed. Opinion filed September 26, 1898.

FRED T. BEERS, attorney for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee Sedgwick.

CARNES & DUNTON, attorneys for appellee Crowfoot.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant filed a bill in the Circuit Court of DeKalb County for equitable relief against the Sandwich Enterprise Company and seven individuals. The Enterprise Company and six of the other defendants were served and filed demurrers to the bill. Appellant entered its motion for a receiver. The demurrers and the motion for a receiver were heard together, pursuant to a stipulation as to the manner in which they should be argued upon written briefs, and the court sustained the demurrers to the bill. Appellant then filed a paper, signed by its solicitor, stating that it elected to stand by its bill, motion and stipulation, and objected to the order sustaining defendant's demurrer, and that it prayed an appeal to the Appellate Court. The record of the court does not show that this paper was presented to the court, but does show complainant afterward, in open court, prayed an appeal to the Appellate Court, which was granted upon its filing bond. The bond recites that it is given upon an appeal from a decree sustaining demurrers to the bill of complaint.

Appellees urge that the above is not an appealable order, and that there is nothing brought before us by the attempted appeal. Appellant insists that by the order in question the case was ended in the court below, and that its appeal was properly taken. In Fleece v. Russell, 13 Ill. 31, it was held that a bill in equity is not necessarily put out of court by sustaining a demurrer to it, and that it is only from a decree making a final disposition of a case that an appeal or writ of error lies. In Knapp v. Marshall, 26 Ill. 63, where the court sustained a demurrer to a bill, and the complainant sued out a writ of error, the court held that the decision on the demurrer was merely interlocutory; that a complainant, willing to rest his case upon a demurrer, must move the court to dismiss the bill, and when that is done that order is final and appeal or error will lie. That course was pursued by complainant in Weaver v. Poyer, 70 Ill. 567, and the court held it proper, so as to obtain a final disposition in the case, in order that complain-

ant might resort to an appeal or writ of error.    In Campbell v. Powers, 139 Ill. 128, the court below had sustained a demurrer to a bill and granted leave to amend within five days, which was not done.    At the next term there was a motion to dismiss the bill and a cross-motion by complainants for leave to amend.    The court below held that there had been a final disposition of the case at the former term, and that it was then without jurisdiction to grant said leave.    The Supreme Court held that the order sustaining the demurrer was interlocutory only.    Maguire v. Woods, 33 Ill. App. 638.    While there are some expressions to be found in the books to the effect that an order sustaining a demurrer to a bill for want of equity puts an end to the case, yet when such an order is entered complainant has still a clear right to ask leave to amend the bill of complaint, and defendants have no decree for their costs, nor for execution to collect the same; and we think the modern and better practice is to treat the order sustaining the demurrer as interlocutory merely.    If complainant elects to abide by its bill it should ask the court to enter such election of record.    It will then be the duty of the court to dismiss the bill at the cost of complainant.    If the court should doubt the propriety of making such an order, the cases above cited point out a proper course for complainant to pursue if it wishes the action of the court reviewed.

As no final order was entered in the court below, the appeal was prematurely taken, and it will therefore be dismissed and leave given appellant to withdraw its record if it desires.