## J. S. Garrett et al. v. Chas. M. Peirce et al.

1. FORMER DECISIONS—*Not Affected by a Change of Membership in the Appellate Tribunal.*—As an ordinary rule a mere change in the membership of an appellate tribunal ought not to reopen in the same case questions once settled by it.

**Error,** to the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

R. L. FLEMING and A. E. DeMANGE, attorneys for plaintiffs in error.

PEIRCE & PEIRCE, attorneys for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

In order to obtain an extension of a bank note, S. S. Porter and John N. Boyer, sureties thereon, each gave a mortgage upon his farm to secure it. Thereafter Boyer conveyed his farm to Garrett. The mortgagee filed a bill

to foreclose the Porter mortgage. Porter paid the debt
and the mortgagee assigned to him the Boyer mortgage.
He in turn assigned it to certain parties who had furnished
him money with which to make the payment, and also
assigned to them his right of subrogation against Boyer.
Those parties began this suit by filing a bill to foreclose
the Boyer mortgage. Garrett demurred to the bill, claim-
ing the rights set up were extinguished or were personal
and non-assignable. The circuit judge sustained the
demurrer and dismissed the bill. The case was brought to
this court and is reported in Peirce v. Garrett, 65 Ill. App.
682. The circuit judge who sustained the demurrer was
then and still is a member of this court, and took no part
in the decision here. It was there contended that the pay-
ment of the debt acted as a release of the Boyer mortgage;
that the assignment of that mortgage after the mortgage
debt was paid carried nothing to Porter; that the right of
subrogation did not extend to the Boyer mortgage or give
Porter any right to enforce it; and that the right of subro-
gation is personal and non-assignable. The majority of
this court held against these contentions and that the bill
stated a case entitling the complainants to a foreclosure,
and remanded the cause. It then proceeded to a decree
for complainants, which we reversed in Garrett v. Peirce,
74 Ill. App. 225, for errors in the decree. The judges who
first decided the case here were no longer members of this
court, and the position that complainants could not main-
tain the bill was again argued by defendants, but we
declined to consider those questions. The court below has
now entered another decree of foreclosure for half the
amount Porter paid, with interest, and the case is again
brought before us.

The brief of plaintiffs in error is devoted chiefly to
another discussion of the same questions presented when
the case was first here. We are still of the opinion that
the first decision of this court must be treated as the law
of this case until the Supreme Court decides otherwise.
As an ordinary rule a mere change in the membership of

an appellate tribunal ought not to reopen in the same case questions once settled by it.  Such a course would introduce great confusion.  The court below was bound to obey the instructions given it when the case was first here.  It has proceeded in conformity with that opinion.  We think we ought not to reconsider those instructions.

Garrett set up as a defense that Boyer and wife signed, acknowledged and delivered the mortgage before the note to be secured thereby was described therein, and with the understanding that it should secure only $2,000 of the principal of the note, which was for $8,400, and that thereafter, without Boyer's knowledge or consent, the mortgage was wrongfully made to secure the entire debt.  Much evidence *pro* and *con* was heard upon this subject.  We are satisfied the preponderance of the evidence supports the mortgage as it reads.  We think it quite likely that the present conflict in the recollection of the several witnesses arises from the fact that in the discussion which took place as to the value to the mortgagee of the several securities then proposed, the president of the bank said that he did not think the Boyer farm (upon which there was a prior mortgage for $2,000) was very good security for more than $2,000 of this debt. The decree is affirmed.

Mr. Presiding Justice CRABTREE took no part.