## W. T. Westbrook v. Gus Frederickson.

1. FORMER DECISIONS—*In the Same Cases, Govern.*—When a case on being reversed and remanded is tried again upon the same issues and in accordance with the decision of the court remanding it, such decision will be binding upon the trial court and upon this court in future appeals.

Westbrook v. Frederickson.

Trover.—Appeal from the Circuit Court of Ford County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

CLOUD, MOFFETT & THOMPSON and C. E. BEACH, attorneys for appellant.

O. H. WYLIE and TIPTON & TIPTON, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This case was before us at a former term and for the reasons expressed in the opinion reported in 89 Ill. App. 193, the judgment which had been rendered in favor of W. T. Westbrook (present appellant) was reversed and the case remanded for another trial for the reasons therein stated.

After the case was remanded and had been reinstated, it was stipulated by the parties that it be tried by the court (jury being waived) upon the same evidence produced at a former trial, and the same was read to the court from the bill of exceptions on file in the case, and the court found for Gus Frederickson (present appellee) and rendered judgment in his favor for $183.83.

Appellant, W. T. Westbrook, now brings the case to this court by appeal, and to reverse the latter judgment, assigns and argues for error, that the Circuit Court refused improperly to hold as the law of the case, the second and sixth propositions submitted to it by him, and improperly rendered judgment in favor of the plaintiff (appellee) against him.

The finding and judgment of the Circuit Court which are now alleged to have been erroneously made, were upon the same issues and evidence which were in the record when the case was formerly before us and are in accordance with the decision which we then rendered in it, which was binding upon the Circuit Court and is also upon this court; therefore the judgment appealed from will be affirmed.