### Builders' Painting & Decorating Company v. Advisory Board Building Trades of Chicago, et al.

#### Gen. No. 11,264.

1. RECORD—*what not part of.* An order denying a motion for injunction is not appealable; therefore, affidavits filed in support thereof are not a proper part of the record in such cause.

2. INJUNCTION—*when, does not lie.* An injunction does not lie to restrain either a party or a stranger to a contract from interfering with the completion thereof, as an adequate remedy exists at law.

3. INJUNCTION—*what bill for, should allege.* It is not sufficient in a bill for injunction to allege in general terms that the acts or conduct sought to be enjoined are wrongful and that they interfere with and injure the trade and business of the complainant; the bill must state facts from which the court can see that the acts alleged were wrongful and done with intent to injure the complainant and do, in fact, in a specified and particular manner pointed out in the bill, injure the particular and specified business of the complainant.

Proceeding for injunction. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed October 4, 1904.

ALLEN & WESEMANN, for appellant.

CHARLES C. ARNOLD, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant filed in the Superior Court a bill of complaint against appellees, and later an amendment to the bill. To the bill, as amended, the defendants interposed a general demurrer. The complainant then filed an amended bill and

subsequently a supplemental bill.    The following order and decree was made in the cause March 4, 1903 :

" On motion of solicitors for complainant, the defendant, the Clark Construction Company, be, and it is hereby dismissed as party from and out of this suit, and ordered that demurrer to bill as amended stand as demurrer to amended bill (petition) and supplemental bill.    Motion of complainant for temporary injunction denied.    Demurrer to amended bill (petition) supplemental bill sustained and same dismissed for want of equity; exception.    Appeal to Appellate Court, First District, prayed and allowed on filing bond for $250 surety, to be approved by the court in twenty days. Certificate of evidence in forty days."

Complainant filed an appeal bond and then filed in this court a transcript of the record, in which we find not only the pleadings and orders of the court, but a large number of affidavits filed by complainant, and in appellant's brief reference is made to the affidavits.

The demurrer raised in the Superior Court the question whether the statements of the amended and supplemental bills that were well pleaded, entitled the complainant to the relief prayed for, and that question is the only question brought before us by appeal.    The order denying complainant's motion for an injunction is not an appealable order and the affidavits filed in support of that motion are no part of the record and will be disregarded.

It is contended by appellees that the decree appealed from was entered on the motion of complainant and therefore appellant cannot here question it.    This contention cannot be sustained.    The order was not carefully or skillfully drawn but it will not bear the construction contended for.    The recital of the order is that the first part of the order was made on the motion of complainant.    Then complainant's motion for a temporary injunction was denied. Then follows the order sustaining the demurrer and the decree dismissing the amended and supplemental bills for want of equity and there is nothing in the order even tending to show that this was done on the motion of complainant. But the complainant, after the court had denied the motion

266 . APPELLATE COURTS OF ILLINOIS.

VOL. 116.] Builders' Painting, etc., Co. v. Advisory Bd. Bldg. Trades.

for an injunction and held that there was no equity in the bill, might have moved that the bill be dismissed, taken an appeal, and assigned for error the dismissing of the bill for want of equity. Weaver v. Poyer, 70 Ill. 567; Field v. Village of Western Springs, 181 Ill. 186.

The bill of complaint is a bill for an injunction only. So far as it seeks an injunction to restrain the defendants from interfering with the completion by complainant of a certain contract between complainant and the Clark Construction Company by which complainant agreed to paint the woodwork in the Magnus Foundry, a building which the Clark Company was then constructing, it is sufficient to say that it appears from the bill and supplemental bill that the contract with the Clark Company was made in October 1902, and that in February 1903, the Clark Company refused to permit the complainant to carry out that contract. For the damages sustained by complainant in consequence of the refusal of the Clark Company to permit complainant to complete its contract with that company the law affords a remedy, not only against the Clark Company, but against any one who by wrongful acts or conduct compelled or induced the Clark Company to break its contract with complainant.

The scope of the bill is very broad. It sets out many acts of the defendants charged to be wrongful and intended to interfere with or prevent the complainant from prosecuting its business. It contains numerous charges of combination, confederation and conspiracy to wrong and injure the complainant in the conduct and management of its business. The relief demanded is thus stated in appellant's brief: "The relief most particularly prayed for is that the defendants be restrained from—

1. Unlawfully interfering with the business of the plaintiff.

2. Commanding and decreeing that the employees of other contractors shall cease working with the employees of the plaintiff, or enforcing such decrees by fines and penalties and other punishments.

3. Molesting, intimidating, interfering with by force and violence the employees of the plaintiff at the Magnus Foundry at Forty-first and Emerald avenue, or elsewhere. And especially by occupying the approaches to any building or buildings wherein the plaintiff may have work or its employees may be engaged at work, or about to undertake work. And from engaging in what is commonly known as picketing of said buildings where the plaintiff's employees may be at work.

4. Doing any act, the purpose and effect of which deprives or tends to deprive the plaintiff of the right of free contract and a peaceable pursuit of its said business, and from impeding, obstructing or interfering with by boycott, violence, threats, intimidation, persuasion or otherwise, the trade or customers of the plaintiff, with the purpose or intention of inducing them not to patronize the plaintiff."

We have already expressed the opinion that the statements of the bill do not entitle the complainant to an injunction to restrain the defendants from "interfering by force and violence with the employees of the complainant at the Magnus Foundry" for the reason that the Clark Company having refused to permit complainant to carry out its contract to paint that building, there is nothing in the bill to show that the complainant will again have occasion to put men at work on that building.

The bill does not allege any act of interference with the business of complainant at any place other than the Magnus Foundry. It is true, as has been said, that there are many general charges of wrongful acts and conduct which are alleged to be injurious to the complainant and to interfere with the successful prosecuting of the business in which it is engaged, but such allegations are not sufficient to entitle the complainant to an injunction. The commands of an injunction must be direct and specific, not general and sweeping. A court may, in a proper case, enjoin acts or conduct because such acts or conduct interfere with and injure the trade and business of the complainant, but a court will not order an injunction which alone in general and sweeping terms enjoins a defendant

from unlawfully interfering with or injuring the business of complainant. Such an order, when made, is made as a part of an order for an injunction to restrain certain particular and specified acts. Nor is it sufficient in a bill for an injunction to allege in general terms that the acts or conduct sought to be enjoined are wrongful and that they interfere with and injure the trade and business of the complainant. The bill must state facts from which the court can see that the acts alleged were wrongful and done with intent to injure the complainant and do, in fact, in a specified and particular manner pointed out in the bill, injure the particular and specified business of complainant. It is stated in the bill that the principal place of business of the complainant is at a certain number on Thirty-fifth street, Chicago, but there is no allegation that the business of complainant at that place or at any place other than at the Magnus Foundry had been *physically* interfered with by the defendants in any particular or tangible manner. The amended bill in this case contains more than ten thousand words, is divided into thirty-eight numbered paragraphs and is printed in full in the "Abstract of Record." It abounds with general charges of wrongful acts and conduct on the part of defendants but we do not find in the amended and supplemental bills, facts stated which, in our opinion, entitle the complainant to an injunction against the defendants or any of them, and the order and decree of the Superior Court will therefore be affirmed.

*Affirmed.*