## Herman Fry v. Henrietta Radzinski, et al.
### Gen. No. 12,018.

1. ASSESSMENT OF DAMAGES—*when properly to be made upon dis-solution of injunction.* Where the Circuit Court denies, but the Appellate Court grants a motion to dissolve an injunction, it is proper that such Circuit Court should proceed to assess the damages, the Appellate Court having no power so to do.

2. ASSESSMENT OF DAMAGES—*mandate of reversal not essential to, where injunction dissolved.* The trial court may proceed to assess the damages for the granting of an interlocutory injunction where the same has been dissolved by the Appellate Court, and this without the filing of the mandate of reversal where the cause, as an entirety, has never been removed from the *nisi prius* court.

3. ASSESSMENT OF DAMAGES—*when not premature.* An assessment of damages upon the dissolution of an injunction upon the face of the bill, is proper, notwithstanding that at the time of the taking of the evidence with respect to such damages no order disposing of the case has been entered.

4. FORMER APPEAL—*when decision in, binding.* The decision of the Appellate Court in ordering the dissolution of an injunction upon the face of the bill, is conclusive upon the question of the sufficiency of the bill, when its sufficiency is questioned by demurrer.

Injunction proceeding. Appeal from the Circuit Court of Cook County; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 3, 1905.

**Statement by the Court.** Appellant filed a bill against appellees to enjoin them from collecting or paying over two judgments entered by the Circuit Court in favor of appellee in attachment, without personal service, against Frederick Franke and Adolphine Franke, one dated June 6, 1900, for $2,520, and the other dated June 7, 1900, for $2,160.

It is alleged that September 15, 1896, Frederick and Adolphine Franke delivered to appellant an insurance policy for $5,000 issued upon the life of said Frederick by the New York Life Insurance Company, as security for $5,000 loaned by appellant to said Frederick; that September 9, 1897, said Frederick and his wife, Adolphine, delivered to appellant an absolute assignment of said policy; and that appellant has

ever since remained in possession and control of such policy, which has not been redeemed, nor has said debt been paid; that in each of said attachment suits said insurance company was duly served as garnishee; that in the first suit said company in its answer admitted it had issued said policy to said Frederick, which by its terms would mature February 26, 1903, and should then be worth about $4,150; and that in the second suit the answer filed by said company being lost, its contents cannot be given; that April 1, 1903, said company amended its answer in each of said suits, alleging that upon that day it had received formal notice of the assignment of said policy; that said assignment is marked "Received Dec. 21, 1897. Home office"; that April 3, 1903, judgment was entered against said company as garnishee in each of said suits, ordering it to pay over to appellee, Radzinski, the moneys due on said policy; that appellant had and has a valid and prior lien on said policy, and had no knowledge of the rendition of said judgments until long after the term of court at which said judgments were rendered had passed, and was, by reason thereof, precluded from setting up his claim by way of interpleader or otherwise. The prayer is for an injunction and for relief.

An injunction was awarded; a motion was made to dissolve the injunction, which was referred to a master, who reported, recommending that such motion be overruled for the present, and that action thereon be reserved until the final hearing. The chancellor confirmed the report of the master, whereupon Henrietta Radzinski perfected an appeal to this court. The case went to the Branch Court, which, on January 19, 1904, entered a decree reversing said injunctional order. After that appeal was perfected each of the appellees filed a general demurrer to said bill. March 4, 1904, said cause came again before the Circuit Court upon two motions, one by Radzinski to assess damages on the dissolution of the injunction, and the other by appellant to dispose of said demurrers. Over the objections of appellant the court admitted in evidence certified copies of the proceedings in the Branch Appellate Court and the testimony of

counsel as to the amount of work done and the value thereof. The court fixed the value of such services at $415, and sustained the demurrers to the bill. Appellant elected to stand by his bill, the court dismissed the same for want of equity. From this decree appellant perfected the present appeal.

WILLIAM E. HUGHES, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, C. E. CLEVELAND and EDWARD O. BRYAN, for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant contends: First. That as the Circuit Court refused to dissolve the injuncton, and the Branch Appellate Court did dissolve it, the former court could not assess damages upon the dissolution of the injunction, for the reason that the statute provides (R. S. Hurd 1903, sec. 12, chapter 69, p. 1042) that the court dissolving the injunction must assess the damages. The language of that section is, "Where an injunction is dissolved by any court of chancery in this State, the court    *    *    *    shall hear evidence and assess such damages." The interpretation put upon this language by appellant is too narrow. The statute does not in terms provide that in such a case this court or the Supreme Court shall hear evidence and assess the damages. The practice and the construction are to the contrary.

In Garrity v. C. & N. W. Ry. Co., 22 Ill. App. 404, where the injunctional order entered by the Circuit Court was reversed by the Supreme Court and the Circuit Court had assessed the damages, upon appeal this court said: "Appellants contend that, as the dissolution was the result of the action of the Supreme Court, taken in this suit upon a writ of error, the Circuit Court had no jurisdiction to assess the damages upon the dissolution which the Supreme Court directed; that the writ of error was a new suit, not a continuation of the old one. There is nothing in the point. When the injunction is dissolved by a court of chancery, as a result of regular proceedings, which in law are effectual to

20

bring about the dissolution, the defendants may have such damages assessed as they are entitled to before the dismissal of the bill."

Second. The Circuit Court had no authority to assess the damages until the mandate of the Appellate Court reversing the injunctional order had been filed in the Circuit Court in the way and manner prescribed in section 84, chapter 110, R. S. Hurd, 1903, p. 1411. Many cases are cited in support of this proposition, which we believe have no application to the present litigation. The main case was not removed from the trial court. Had the parties desired, they could have proceeded to a hearing upon the bill pending the interlocutory appeal. The statute providing for an interlocutory appeal declares "The force and effect of such interlocutory order or decree and the proceedings in the court below shall not be stayed during the pendency of such appeal." This case still remains on the docket of the Circuit Court; and hence no other steps were necessary to be taken in order to induce the court to act upon the question of damages than to inform the court as to what had been done with the interlocutory appeal. The certified copy of the proceedings of the Appellate Court in that regard was sufficient evidence.

Third. Appellant contends that the assessment of damages was prematurely made, that the court should not have taken up this question until the final hearing of the case. The statute provides: "The court after dissolving such injunction, and before finally disposing of the suit    *    *    * shall hear evidence and assess such damages." R. S. Hurd, 1903, Section 12, Chapter 69, p. 1042. Here the injunction was dissolved on the face of the bill.

In Martin v. Jamison, 39 Ill. App., 248, the court, on page 257, said: "The correct rule, as we think, was stated by Judge Pleasants in Gillett v. Booth, 6 Ill. App., 429 viz.: 'When an injunction is the only relief sought and it is dissolved on motion upon the bill alone, which operates as a demurrer for want of equity, and admits all the facts alleged, the order of dissolution is a final disposition of the case, and the formal dismissal of the bill may regularly fol-

low, but not otherwise;' which is supported in this State by the following cases: Titus v. Mabee, 25 Ill., 232; Hummert v. Schwab, 54 Ill., 142; Weaver v. Poyer, 70 Ill., 567."

The record shows but one order in assessing these damages and in dismissing the bill for want of equity, so that in effect the damages were not assessed until the final hearing of the case.

The evidence fully sustains the finding of the Chancellor as to the amount of the damages suffered by appellee Radzinski by reason of the suing out of the injunction in question.

Fourth. Appellant finally contends that the Circuit Court erred in dismissing the bill for want of equity upon a general demurrer.

In order to reach the conclusion that the injunctional order was improperly issued and should be reversed, the Branch Appellate Court had to pass and did pass upon the sufficiency of the bill. The law of the case as there announced controls us upon this second appeal, in which the same question, there passed upon, is here presented. Northern P. Ex. Co. v. Traders Ins. Co., 83 Ill. App., 513; Garrett v. Peirce, 84 Ill. App., 31; Wilson v. Carlinville Nat'l Bk., 87 Ill. App., 364; Gienan v. Town of Browning, 87 Ill. App., 418; Murphy v. Murphy, 93 Ill. App., 671; World's Columbian Exp. Co. v. Lehigh, 94 Ill. App., 433; Westbrook v. Frederickson, 97 Ill. App., 40; I. I. & I. Ry. Co. v. Otstot, 113 Ill. App., 37.

The motion made by the New York Life Insurance Company to dismiss the appeal as against it is denied.

The decree of the Circuit Court is affirmed.

*Affirmed.*